

08 CV 03076

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000
hayes@hugheshubbard.com

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
                            :

LORI DUFRESNE, Individually and as personal :    **No.:** _____
representative for, FRANK SPENCER, deceased, :

                             :
                        Plaintiff, :    **NOTICE OF REMOVAL OF**
                             :    **DEFENDANT MERCK & CO.,**
     -against- :    **INC.**
                             :

MERCK & CO., INC., :

                             :
                      Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this

action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of

New York, County of New York to the United States District Court for the Southern District of

New York and respectfully states to this Court the following:

        1.     This action involves allegations regarding the prescription drug Vioxx®.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring

148 Vioxx products liability cases to the United States District Court for the Southern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C.§ 1407. *In re Vioxx*

*Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Merck intends to seek the transfer of

this action to that Multidistrict Litigation, *In re Vioxx Marketing, Sales Practices and Products*

*Liability Litigation,* MDL No. 1657, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.      Plaintiff Lori DuFresne ("Plaintiff") filed this civil action against Merck in the Supreme Court of the State of New York, Broome County, bearing Index Number CA2006002135.  Venue was changed to the Supreme Court of the State of New York, County of New York by the Stipulation and Order Changing Venue, dated April 4, 2007 and attached hereto as Exhibit 1.  The Index Number assigned to this case in the Supreme Court of New York, County of New York is 402996/07.  (Request For Judicial Intervention showing new Index Number is attached hereto as Exhibit 2.)  Plaintiff seeks damages for "pain and suffering" and "death" of her decedent, Frank Spencer that Plaintiff alleges was caused by her decedent's alleged use of the prescription medicine Vioxx.  (Compl. ¶ 9, 10.)  Plaintiff's claims are based on theories of survival actions for negligence and gross negligence, strict liability, misrepresentation and failure to warn, breach of express and implied warranties and wrongful death.

3.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Merck has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4.      Moreover, although the case is more than one year old, the Court should equitably extend the removal deadline because plaintiff "acted tactically to avoid removal" by naming non-diverse defendants with no apparent intent or good-faith basis to pursue her claims against them and dismissing those defendants after the one-year removal deadline had passed. *See In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 02 Civ. 6827 (LAK), 2003 U.S. Dist. LEXIS 26528, at *7-8 (S.D.N.Y. June 4, 2003).

# I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.    Merck was served with a copy of Plaintiff's Complaint ("Complaint") on October 10, 2006.  In addition to Merck, Plaintiff's Complaint originally named Pfizer, Inc., a New York corporation, and Pharmacia Corporation and Pharmacia & Upjohn Company, alleged to be wholly owned subsidiaries of Pfizer for whom Pfizer was the successor and real party in interest, as defendants.  Therefore, at the time of service, Plaintiff's Complaint was not removable on its face.  A true and correct copy of the Summons and Complaint served on Merck are attached hereto as Exhibit 3.  On March 6, 2008, a Stipulation of Dismissal with Prejudice Against Pfizer Defendants, namely Pfizer Inc., Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter referred to as the "Pfizer Defendants") – was filed in the Supreme Court of the State of New York, County of New York.  (Stipulation and Docket Sheet showing date of filing attached hereto as Exhibit 4.)  The sole remaining defendant in the case is Merck, a New Jersey corporation.

6.    A case that is not initially removable may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable. . . ."  28 U.S.C. § 1446(b).  Prior to the dismissal of the Pfizer Defendants by the March 6, 2008 Stipulation of Dismissal, this case lacked diversity of citizenship on its face and was therefore not removable.  The March 6, 2008 Stipulation of Dismissal with Prejudice Against Pfizer Defendants constitutes "other paper" which now forms the basis of the removal in this case.  For the reasons set forth below, an equitable extension to the one-year procedural time limit for removing cases imposed by 28 U.S.C. § 1446(b) should be granted.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

8.  No previous application has been made for the relief requested herein.

9.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

## II.    THIS COURT SHOULD GRANT AN EQUITABLE EXTENSION TO THE ONE-YEAR LIMIT ON REMOVAL IMPOSED BY 28 U.S.C. § 1446(b).

10.  This Court can and should grant an equitable extension of the one-year limit on removal of cases to federal court based on diversity jurisdiction.

11.  Section 1446(b) generally requires that removal of diversity cases be accomplished within "1 year after commencement of the action." 28 U.S.C. § 1446(b). However, this Court and others have found that where plaintiffs have avoided removal through apparent manipulation of the removal statute, an equitable extension of the one-year period for removal is appropriate. *See In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 26528, at *7-8 (S.D.N.Y. June 4, 2003) ("an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted where, as here, the circumstances suggest that the plaintiff acted tactically to avoid removal and the interests of justice favor removal.").

12.  As the Fifth Circuit has recognized, "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Tedford v. Warner-Lambert Co.*, 327 F. 3d 423, 427 (5th Cir. 2003) (noting that Congress did not intend the one-year rule "to allow plaintiffs to circumvent [removal] altogether"). Accordingly, "[w]here a

4

plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one year limit in §1446(b) be extended." *Id.* at 428-429. *See also Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (denying plaintiff's motion to remand action to state court where defendant's attempt at removal came more than one year after commencement of the action and holding that "the one-year limitation in § 1446(b) is not absolute, but rather, subject to equitable exceptions"); *Chamberlain v. Amrep, Inc.*, No. 3:04-cv-1776-B, 2004 U.S. Dist. LEXIS 23384, *6 (N.D. Tex. Nov. 18, 2004) (denying plaintiff's motion to remand and noting that removal deadlines may be subject to equitable exceptions); *Ardoin v. Stine Lumber Co.*, 298 F. Supp. 2d 422, 425, 428 (W.D. La. 2003) (following *Tedford* and concluding that plaintiffs deliberately included non-diverse defendants until the one-year limit of § 1446(b) had passed in an effort to prevent removal); *Davis v. Merck & Co., Inc.*, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005) ("forum manipulation should not be encouraged, and an equitable extension of the one-year limitation on removal should be granted" where plaintiff did not attempt to pursue her claims against a non-diverse defendant).

13.     This is precisely the type of case in which the Court should equitably extend the one-year limitation. Plaintiff waited until past the one-year deadline for removal and then voluntarily dismissed the non-diverse defendants, the Pfizer Defendants, from the action. Moreover, Plaintiff's actions prior to dismissing the Pfizer Defendants demonstrate that she had no intention of prosecuting her claims against the non-diverse defendants. Plaintiff has done nothing to suggest that she ever had a colorable basis to pursue a claim against the Pfizer Defendants. In fact, Plaintiff has taken no action to prosecute this case against the non-diverse defendants. Plaintiff failed to comply with a case management order pursuant to which Plaintiff

was required to produce to Pfizer a Plaintiff Fact Sheet, medical authorizations and other responsive documents. (Case Management Order 6 in *In re: New York Bextra and Celebrex Product Liability Litigation*, attached hereto as Exhibit 5.) Plaintiff also failed to produce the Plaintiff Fact Sheet and authorizations in response to the court's Order Granting [Pfizer] Defendant's Expedited Motion Seeking Order Requiring Compliance with Case Management Order No. 6 dated December 5, 2007. (Order attached hereto as Exhibit 6.) Instead, in response to said motion and order, Plaintiff voluntarily agreed to dismiss her claims against the Pfizer Defendants. (*See* Exhibit 4.) Therefore, Plaintiff has taken **no action** with respect to the Pfizer Defendants in this case, and dismissed the claims against the Pfizer Defendants after the one-year time limit on removal had passed. Plaintiff thus has engaged in the type of "strategic behavior" that warrants equitable extension of the one-year deadline for removal. *See Davis*, 357 F. Supp. 2d at 979 (granting an equitable extension of the one year time period to remove where plaintiff never prosecuted the claim against non-diverse co-defendant, "lead[ing] to the conclusion that she never intended to pursue, or at the least voluntarily abandoned, her claims against [the co-defendant].")

14.    As this Court observed in *In re Rezulin Prods. Liab. Litig.*, "the legislative history of the [removal] statute reflects Congress' intention that the one-year limit effect only a 'modest curtailment in access to diversity jurisdiction' to promote comity and conservation of judicial resources, not to permit wholesale circumvention of diversity jurisdiction by strategic pleading." 2003 U.S. Dist. LEXIS 26528, at *7 (emphasis in original). Moreover, Congress' desire to reduce "the opportunity for removal after substantial progress has been made in state court," H.R. REP. No. 100-889, at 72 (1988), is simply not an issue in the instant case. As referenced above, no substantial progress has been made in state court -- indeed, virtually no

progress has been made at all. Plaintiff has not taken any steps to prosecute this case. Although Court orders required the production of separate fact sheets to Pfizer and Merck, as well as authorizations for medical records, Plaintiff failed to comply. Indeed, in the present case, *removal* would further judicial economy as this case could be transferred to MDL-1657 where it can be coordinated with thousands of other Vioxx cases. *In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 26528, at *10 ("the interests of justice are promoted in this case by applying an equitable exception to the one-year time limit of Section 1446(b) to permit defendants to participate in the consolidated multi-district litigation underway in this Court"). For all of these reasons, an equitable extension of the one-year time limit on removal is warranted in this case.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    Complete Diversity Of Citizenship.

16.    There is complete diversity between Plaintiff, a citizen of New York, and Merck, a citizen of New Jersey.

17.    Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

18.    Plaintiff is suing as the legal representative of the estate of Frank Spencer (Compl. ¶ 2) who, according to the Summons, was a resident of New York prior to his death. As the legal representative of the estate of the decedent, Plaintiff is deemed a citizen of the same

state as the decedent for all of Plaintiff's representative claims.   28 U.S.C. § 1332(c)(2).  Thus,

Plaintiff is a citizen of New York for all of her representative claims.

19.      The complaint alleges that Plaintiff is also suing on an individual basis.

However, pursuant to New York law, all claims arising out of the wrongful death of an

individual are representative rather than individual claims.  *See, e.g., Liff v. Schildkrout*, 427

N.Y.S.2d 746, 748-750 (N.Y. 1980) (New York does not recognize common law claims for

death of individual; only remedy is representative wrongful death action pursuant to statute);

N.Y. Est. Powers & Trusts Law § 5-4.1 (McKinney 2003) (personal representative of a decedent

may maintain an action to recover damages "for a wrongful act, neglect or default which caused

the decedent's death against a person who would have been liable to the decedent by reason of

such wrongful conduct if death had not ensued").  Since all of Plaintiff's individual claims are

derived from and dependent upon the right of the decedent to recover, the decedent's citizenship

should determine her citizenship for purposes of diversity.  *See, e.g., Liu v. Westchester County

Medical Center*, 837 F. Supp. 82, 83 (S.D.N.Y. 1993) (holding that "the citizenship of the

decedent, not the representative, [is] controlling in a diversity suit for wrongful death").

Therefore, Plaintiff is a citizen of New York for all her individual claims as well.[1]

**B.      The Amount In Controversy Requirement Is Satisfied.**

20.      It is apparent from the face of the Complaint that Plaintiff seeks recovery

of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiff seeks compensatory

damages for the "pain and suffering" and "death" of her decedent.  (Compl. ¶¶ 9, 10.)  The

foregoing makes it apparent that the amount in controversy in this case is well in excess of

––––––––––––––––––––––––––

[1].  Plaintiff's own residence is not relevant for this case.  In any event, Plaintiff also alleges to be a resident of the
State of New York.  (Compl. ¶ 1.)

$75,000. *See, e.g., James v. Gardner*, No. 04 Civ. 1380 (DGT)(KAM), 2004 U.S. Dist. LEXIS 23174, \*10 (E.D.N.Y. Nov. 10, 2004) (even where plaintiff fails to represent a definitive amount in controversy, the court may look to defendant's petition for removal for a showing of reasonable probability that plaintiff's claim for damages exceeds the jurisdictional amount).

21.    Federal courts around the country have ruled that subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists in similar actions alleging personal injuries caused by Vioxx and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavides v. Merck & Co., Inc.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 16, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 9, 2003); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196, slip op. at 2 n.3 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). (Slip opinions attached collectively, as Exhibit 7.)  These courts were all confronted by similar complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of Vioxx, and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

WHEREFORE, Defendant Merck respectfully removes this action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441.

DATED:        New York, New York
              March 25, 2008

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP


                                        By: _Vilia B. Hayes_____
                                            Theodore V. H. Mayer
                                            Vilia B. Hayes
                                            Robb W. Patryk
                                            hayes@hugheshubbard.com

                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        (212) 837-6000

                                        *Attorneys for Defendant Merck & Co., Inc.*

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

------------------------------------------------------------------ x

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                 Plaintiff,

      -against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-own subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA CORPORATION
and MERCK, INC.,

                 Defendants.

------------------------------------------------------------------ x

**RECEIVED**

APR 1 1 2007

BROOME COUNTY CLERK

Index No. CA2006002135

**STIPULATION AND ORDER
CHANGING VENUE**

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel, that the venue for the above-captioned case in the Supreme Court of the State of New York, Broome County be transferred to the Supreme Court of the State of New York, New York County, to be included in the Bextra and Celebrex Product Liability Coordinated Proceeding (Index No. 762000/2006).

IT IS FURTHER STIPULATED AND AGREED that facsimile signatures on this document shall have the same force and effect as an original signature.

M00E204498

LAW OFFICES OF RONALD R. BENJAMIN    DLA PIPER US LLP

By: _____

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

By: _____

Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335.4500

*Attorneys for Plaintiffs*

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _____, 2007

SO ORDERED.

2

M0DE20499

01/26/2007  17:00    212-403-5663              DLA PIPER US LLP                    PAGE  06/08

LAW OFFICES OF RONALD R. BENJAMIN     DLA PIPER US LLP

By: _____            By: _____
Ronald R. Benjamin                     Christopher M. Strongosky
LAW OFFICES OF RONALD R. BENJAMIN      DLA PIPER US LLP
126 Riverside Drive                    1251 Avenue of the Americas
Binghamton, New York 13902             New York, New York 10020
(607) 772-1442                         (212) 335.4500

*Attorneys for Plaintiffs*              *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP


By: _____
Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _April 4_, 2007

SO ORDERED

2

M00E2245Q00

# Exhibit 2

## REQUEST FOR JUDICIAL INTERVENTION

UCS 840 (REV

| Supreme | New York | 402996/07 | 5/18/2007 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

IAS entry

Judge Assigned

RJI Date

PLAINTIFF(S)

Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc.

Date issue joined: **N/A**    Bill of particulars served (Y/N)    [ ] Yes    [X] No

### NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[X] Notice of motion (return date: **3/6/2008** )
    Relief sought: **Motion to Dismiss**

[ ] Order to show cause
    (clerk enter return date: _____ )
    Relief sought _____

[ ] Other ex parte application (specify: _____

[ ] Notice of petition (return date: _____
    Relief sought

[ ] Notice of medical or dental malpractice
    action (specify: _____

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____

### NATURE OF ACTION OR PROCEEDING (check ONE box only)

**MATRIMONIAL**

[ ] Contested    [ ] Uncontested    - CM / UM

**COMMERCIAL**

[ ] Contract — CONT
[ ] Corporate — CORP
[ ] Insurance (where insurer is a party, except arbitration) — INS
[ ] UCC (including sales, negotiable instruments) — UCC
[ ] *Other Commercial — OC

**REAL PROPERTY**

[ ] Tax Certiorari — TAX
[ ] Foreclosure — FOR
[ ] Condemnation — COND
[ ] Landlord/Tenant — LT
[ ] *Other Real Property — ORP

**OTHER MATTERS**

[ ] * _____ — OTH

**TORTS**

Malpractice

[ ] Medical/Podiatric — MM
[ ] Dental — DM
[ ] *Other Professional — OPM

[ ] Motor Vehicle — MV
[X] *Products Liability — PL
    Pharmaceutical
[ ] Environmental — EN
[ ] Asbestos — ASB
[ ] Breast Implant — BI
[ ] *Other Negligence — OTN

[ ] *Other Tort (including intentional) — OT

**SPECIAL PROCEEDINGS**

[ ] Art. 75 (Arbitration) — ART75
[ ] Art. 77 (Trusts) — ART77
[ ] Art. 78 — ART78
[ ] Election Law — ELEC
[ ] Guardianship (MHL Art. 81) — GUARD81
[ ] *Other Mental Hygiene — MHY
[ ] *Other Special Proceeding — OSP

© 2002 American LegalNet, Inc.

**Check "YES" or "NO" for each of the following questions:**

Is this action/proceeding against a

YES   NO
[ ]   [X] Municipality:               YES   NO
        (specify                      [ ]   [X] Public Authority:
                                               (specify

YES   NO
[ ]   [X] Does this action/proceeding seek equitable relief?
[X]   [ ] Does this action/proceeding seek recovery for personal injury?
[ ]   [X] Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue:

[ ] Expedited: 0-8 months    [ ] Standard: 9-12 months    [X] Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?            [ ] No    [ ] Yes, Date _____

Was a Notice of No Necessity filed?  [ ] No    [ ] Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | See Rider Sheet | | |
| [ ] | | | |

**ATTORNEY(S) FOR DEFENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | See Rider Sheet | | |
| [ ] | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

In re  New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING

Dated: 2/8/2008

_____
(SIGNATURE)

Tiffany L. Christian
(PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

M00FC37041

RIDER SHEET

Attorneys for Plaintiffs

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

Attorneys for Defendants

Christopher M. Strongosky
Tiffany L. Christian
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

M00FC.37042

Exhibit 3

**RECEIVED**

STATE OF NEW YORK:  SUPREME COURT
COUNTY OF BROOME

OCT 0 2 2008

BROOME COUNTY CLERK

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                    Plaintiffs,                              **COMPLAINT**

              -vs-                          Index No. : *CA2006002135*

PFIZER, INC.,  PHARMACIA CORPORATION, a wholly-own
subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN        Date Filed:    10/2/06
COMPANY, a wholly owned subsideary of PHARMACIA
CORPORATION, and MERCK, INC.

                    Defendants.



Plaintiffs, by and through counsel, the Law Office of Ronald R. Benjamin, allege upon

information and belief as follows:

    1.    Plaintiff Lori DuFresne at all times relevant herein a resident of the State of New York,

residing at 295 Hillside Terrace, Endwell, NY 13760.

    2.    Plaintiff Lori DuFresne is the personal representative of the estate of Frank C. Spencer,

deceased, having been issued Limited Letters of Administration by the Broome County Surrogate's

Court on October 2, 2006.

    3.    Upon information and belief, defendant PFIZER INC., is a Delaware corporation with

its principal place of business located at 235 East 42nd Street, New York, New York, and is authorized

to do and doing business in the State of New York with the county of its principal office registered as

New York County.

    4.    Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY  is a

wholly-owned  subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint,

M009629178

each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in the State of New York, registered in or with its principal office located in New York County.

5.     Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as Pfizer or defendants).

6.     Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck"), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

7.     That from approximately May 2004 until on or about September 2004, plaintiff's decedent ingested **VIOXX**, at the direct of his physicians and in accordance with the manufacturer's instructions.

8.     That from approximately September 2004 until on or about October 2004, plaintiff's decedent ingested **CELEBREX**, at the direction of his physicians and in accordance with the manufacturer's instructions.

9.     As a direct and proximate result of the conduct of the defendants, the plaintiff's decedent sustained cardiac failure which, upon information and belief, caused his untimely death on or about October 2, 2004.

10.     By reason of the foregoing, the decedent sustained great pain and suffering, and sustained great anxiety and fear of additional adverse medical consequences, and was caused to die prematurely.

11.    By reason of his injuries, the plaintiff has incurred or may be obligated to pay monies for medical expenses, funeral arrangements and expenses, and estate expenses.

12.    The injuries sustained by the decedent as aforesaid and the damages resulting therefrom were caused solely by the defendants' defective products without and fault on the part of the decedent contributing hereto.

13.    Upon information and belief, the defendants used a wide range of marketing methods to promote the aforesaid products including, but not limited to, sponsoring medical journals to promote the alleged benefits of its products, using sales representatives to call to on physicians throughout the country to encourage them to prescribe defendants' products, sponsoring continued medical education programs for the express purpose of promoting its products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end-users of their product, and by utilizing the media to promote the alleged benefits of their products.

14.    Upon information and belief, each defendant engaged in extensive advertising and promotional activity which indicated its drug was efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drug to patients, including plaintiff's decedent.

15.    Upon information and belief, based on each defendant's promotional activity with respect to the aforesaid product, plaintiff's decedent was prescribed the drug based on the belief the same was safe to use and was unlikely to subject plaintiff's decedent to serious side effects as a result of use of the products.

16.    In reliance on the same, plaintiff's decedent ingested said drugs and continued ingesting the drugs for a period of time as instructed by the prescribing physicians.

17.    At all times herein mentioned the defendants knew their products did not have scientifically proven benefits and that the risks included cardiovascular events including, but not limited

to, heart attack, stroke, thromboembolism, as well as other illnesses, which is known by either to medical community or end users would have resulted in consumers, including the plaintiff's decedent using alternative medications.

18.     Upon information and belief, had the defendants carried out proper testing on their product they would have realized that the risks of using their products included cardiovascular events including, but not limited to, heart attack, stroke, thromboembolism, and that the risks far outweighed any alleged benefits from their products.

19.     Plaintiff alleges that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

## AS AND FOR A FIRST CAUSE OF ACTION
## (SURVIVAL ACTION FOR
## NEGLIGENCE AND GROSS NEGLIGENCE)

20.     Plaintiff realleges and incorporates herein as if fully set forth herein the allegations in the preceding paragraphs 1 thru 19 of this complaint.

21.     At all times herein mentioned, each defendant, itself or by use of others, did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, and otherwise distribute in interstate commerce said product.

22.     The defendants knew or should have known with the exercise of reasonable care that the product is an unreasonably dangerous product and nevertheless manufactured and placed said product into the stream of commerce.

23.     Prior to the time the plaintiff's decedent ingested the product, the defendants knew or should have known that a significant portion of the users of the product would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

24.     Upon information and belief, the defendant manufacturers failed to carry out adequate

investigation including, but not limited to, failing to adequately test the product.

25.     Each defendant was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said product by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the plaintiff's decedent in particular about the serious and deadly side effects of its product, while at the same time promoting the drug on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

26.     As a direct and proximate result of the negligence of the defendants, plaintiff's decedent was harmed and sustained cardiac failure and cardiomyopathy due to ingesting the product over a period of time.

27.     By reason of the foregoing, plaintiff sustained great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, ultimately dying prematurely.

28.     Upon information and belief, as a result of the conduct of the defendants, plaintiff's decedent sustained injuries as a result of complications and causes stemming from the ingestion of the aforesaid products.

29.     By reason of plaintiff's decedent injuries, plaintiff has incurred or may be obligated to pay monies for medical expenses.

30.     The injuries plaintiff's decedent sustained as aforesaid and the damage resulting therefrom were caused solely by the defendants' defective products without any fault on the part of plaintiffs contributing thereto.

31.     As a result of the foregoing, plaintiff's decedent is entitled to compensatory damages from defendants, and are entitled to exemplary damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (SURVIVAL ACTION FOR STRICT LIABILITY)

32.    Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 31 as if fully set forth herein and further allege the following.

33.    At all times herein mentioned product was dangerous and defective, in that any benefit from said product was outweighed by the serious and deadly side effects of said drug.

34.    The defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the product was efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

35.    The defendants are strictly liable for the injuries plaintiff sustained as a result of ingesting the products as aforesaid.

36.    As a result of reckless disregard for the public welfare and welfare of plaintiff in particular, said plaintiff is entitled to exemplary damages from each defendant in addition to compensatory damages sustained as a result of defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
## ( SURVIVAL ACTION FOR MISREPRESENTATION AND FAILURE TO WARN)

37.    Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 36 as if fully set forth herein and further allege the following.

38.    Beginning prior to the time the plaintiff herein ingested the drugs complained of, the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs and by failing to protect users from serious dangers which defendants knew or should have known to result from use of said product.

M009629183

39.     By use of affirmative misrepresentations and omissions, the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drugs were safe or had minimal risks to the public and the plaintiff in particular.

40.     Upon information and belief, defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

41.     The defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said product to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

42.     As a direct and proximate result of the aforesaid failure by the defendant to provide appropriate warnings and/or instructions, plaintiff sustained the harm complained of herein.

43.     Upon information and belief, at the times relevant to this complaint, defendants were in possession of information demonstrating serious side effects evidencing the increased risk the drug posed to patients, or clearly should have been in possession of such information yet continued to market the product by providing false and misleading information with regard to safety as aforesaid.

44.     That despite the same, and despite the fact that there was existing evidence said drug was in fact dangerous, the defendants downplayed the health hazards and risks associated with the product and in fact deceived the medical community and public at large including all potential users of the products by promoting the same as safe and effective.

45.     Upon information and belief, defendants placed profit concerns over and above the safety of the public and as a result of such reckless conduct, plaintiff is entitled to exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendants'

MD09629184

conduct.

46.    Plaintiff is entitled to exemplary damages from the defendants as the failure to warn was reckless and without regard to the public safety and welfare in that they misled both the medical community and the public at large including the plaintiff herein by misleading them about the safety of the products and downplayed or ignored serious side effects despite available information demonstrating these products were likely to cause serious and sometimes fatal side effects to the users.

47.    As a result of reckless disregard for the public welfare and welfare of plaintiff in particular said plaintiff is entitled to exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

**AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION**
**(SURVIVAL ACTION FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

48.    Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 47 as if fully set forth herein and further alleges the following.

49.    That the manufacturing defendants expressly warranted that the products were safe when used by patients for whom they were not otherwise contraindicated.

50.    That the manufacturing defendants breached such warranty in that said drugs are not safe for the purpose for which they were intended.

51.    As a direct and proximate result of the aforesaid breach plaintiff sustained the injuries complained of herein and will continue to suffer harm in the future as set forth herein.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(WRONGFUL DEATH)**

57.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1 thru 56 as if fully set forth herein.

M009629185

58.    Plaintiff's decedent was survived by his mother, Theresa Spencer, a second sister, Lynn Marie Rose and brother, Don Mark Spencer.

59.    As a result of the injuries and premature death of plaintiff's decedent, plaintiff and the decedent's estate incurred expenses for his care and treatment and plaintiff, the decedent's mother, sister and brother, have been deprived of the support and services of the decedent, and their comfort, happiness and companionship have been significantly impaired by reason of the wrongful death of plaintiff's decedent

60.    As a result of the foregoing, plaintiff, individually and as heir and representative of the estate of the decedent, have been damaged in a sum to be determined at trial.

61.    By reason of the death of plaintiff's decedent, plaintiff incurred or may be obligated to pay monies for decedent's medical expenses and funeral expenses and burial.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter judgment against the defendants, jointly and severally, in compensatory and exemplary damages in an amount to be determined by trial of this action, and that plaintiff be awarded the costs and disbursements of this action, along with such other and further relief as is just and proper.


Dated:  October 2, 2006
        Binghamton, New York

Ronald R. Benjamin
**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
607/772-1442

**RECEIVED**

OCT 0 2 2006

BROOME COUNTY CLERK

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BROOME**
-----------------------------------------------------------------

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                Plaintiffs,

  -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                Defendants.
-----------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT(S):

**SUMMONS**

Plaintiff designates **Broome County** as
place of trial based on defendants' principal
place of business

Index No.: *CA2006002135*
Date Filed: *10/2/06*

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer,
or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney
within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  October 2, 2006
        Binghamton, New York

Plaintiffs' residence is:
295 Hillside Terrace, Endwell, New York 13760

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

                        Ronald R. Benjamin, Esq
                        **LAW OFFICES OF RONALD R. BENJAMIN**
                        Attorney for Plaintiff
                        126 Riverside Drive
                        P.O. Box 607
                        Binghamton, New York 13902-0607
                        (607) 772-1442

M009629187

Exhibit 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX           : Index No. 762000/06
PRODUCT LIABILITY LITIGATION                  :
                                              :
                                              :
------------------------------------------------- x
LORI DUFRESNE, Individually and as personal   : Index No. 402996/07
representative for FRANK SPENCER, deceased,   :
                                              :
              Plaintiffs,                      :
                                              :
         -against-                             :
                                              :
PFIZER INC., PHARMACIA CORPORATION, a wholly- : STIPULATION OF
owned subsidiary of PFIZER INC., and PHARMACIA & : DISMISSAL WITH
UPJOHN COMPANY, a wholly-owned subsidiary of  : PREJUDICE AGAINST
PHARMACIA CORPORATION, and MERCK & CO.,       : PFIZER DEFENDANTS
INC.,                                         :
                                              :
              Defendants.                      :
------------------------------------------------- x

　　　　IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:   New York, New York
         March 5   , 2008

LAW OFFICE OF RONALD R. BENJAMIN              DLA PIPER US LLP

By: _____               By: _____
    Ronald R. Benjamin                           Christopher M. Strongosky
    126 Riverside Drive                           Tiffany L. Christian
    P.O. Box 607                                  1251 Avenue of the Americas
    Binghamton, New York 13902-0607              New York, NY 10020-1104
    607-772-1442                                  212-335-4500

*Attorneys for Plaintiffs*                       *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

03/04/2008 17:21 FAX                HH&R LLP 11W                              ☒ 008/028
03/03/2008 11:33    212-483-5663          DLA PIPER US LLP                  PAGE  07/31

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 4 , 2008

LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____            By: _____
    Ronald R. Benjamin                        Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607           New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiffs*                 *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

**Claim/Index Number 402996/2007** - Click on the case caption for details

| Case Caption | Court | Date Received/Filed | Filing User |
|---|---|---|---|
| Lori DuFresne and as personal representitive for Frank Spencer, deceased vs Pfizer Inc., Pharmacia Corporation, a wholly owned subsidiary of Pfizer Inc., and et al | New York County Supreme Court | 03/04/2008 | EF RESOURCE CENTER bf |

**Document List** - Click on the document name to view the document

| Document # | Date Received/Filed | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|
| 1 | 03/04/2008 | Consent to EFiling | Plaintiff consent | 001 | EF RESOURCE CENTER bf<br>court user | |
| 2 | 03/04/2008 | Summons + Complaint | Summons and complaint filed 10/02/2006 Broome County | 001 | EF RESOURCE CENTER bf<br>court user | |
| 3 | 03/04/2008 | RJI -re: Notice of Motion ($95. fee) | Filed 2/13/2008. | 001 | EF RESOURCE CENTER bf<br>court user | |
| 4 | 03/04/2008 | Notice of Motion | Filed 2/13/2008 | 001 | EF RESOURCE CENTER bf<br>court user | |
| 4-1 | 03/04/2008 | Exhibit | Aff. of Christopher Strogosky and order granting deft's expedited motion seeking order requiring compliance with CMO # 6 | 001 | EF RESOURCE CENTER bf<br>court user | |
| 5 | 03/05/2008 | Answer | Amended Answer of Defendant Merck & Co.,Inc. | | EF Resource Center PG<br>court user | |
| 6 | 03/05/2008 | Affirmation/Affidavit of Service | Affidavit of Service for Amended Answer of Defendant Merck & Co.,Inc. | | EF Resource Center PG<br>court user | |
| 7 | 03/05/2008 | RJI -re: Notice of Motion ($95 fee) | Filed in Broome County Clerk's Office on 03/21/07 . Rider Sheet & Affidavit of Service Attached | | EF Resource Center PG<br>court user | |
| 8 | 03/05/2008 | So Ordered | Stipulation and | | EF Resource | |

|   |            | Stipulation                                                  | Order Changing Venue dated 04/04/07                                     | Center PG court user              |
|---|------------|--------------------------------------------------------------|------------------------------------------------------------------------|-----------------------------------|
| 9 | 03/05/2008 | Notice of Entry                                              | Notice of Entry Filed With Broome County Clerk's Office on 04/16/07     | EF Resource Center PG court user  |
| 10| 03/06/2008 | Stipulation of Discontinuance (Fee required - 35 00)         | Stipulation of Dismissal With Prejudice Against Pfizer Defendants       | CHRISTOPHER G CAMPBELL            |

Return to Docket Options

# Exhibit 5

ﾞｳﾞﾆｰ ﾆﾞ ﾆ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x
                            :

IN RE: NEW YORK BEXTRA AND CELEBREX   :
PRODUCT LIABILITY LITIGATION         :
                            :
                            :
------------------------------------------------------------x
THIS DOCUMENT APPLIES TO ALL CASES   :
------------------------------------------------------------x

Index No. 560001/2005

CASE MANAGEMENT
ORDER NO. 6

**FILED**

AUG 16 2006

NEW YORK
COUNTY CLERK'S OFFICE

<u>Plaintiff Fact Sheets And Defendant Fact Sheets</u>

**I.**     <u>**Applicability And Scope Of Order**</u>

       1.    This Order governs certain pretrial procedures for cases involving the prescription medications Bextra and Celebrex which are presently or hereafter assigned to this Court ("Coordinated Proceeding"). This Order shall apply to all Plaintiffs who allegedly suffered personal injury from taking Bextra and/or Celebrex in cases currently pending in or that have been or will be originally filed in, or transferred to, this Court and assigned thereto. This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings.

**II.**    <u>**Plaintiff Fact Sheets, Documents And Authorizations**</u>

       2.    <u>Plaintiffs' Obligation To Serve Plaintiff Fact Sheets and Responsive Documents.</u>

             a.    <u>Applicable Plaintiff Fact Sheet.</u> Each individual Plaintiff bound by this Order shall serve upon Defendants' counsel a complete and signed Plaintiff Fact Sheet ("PFS") in the forms set forth in Attachments A (Bextra-only Plaintiffs), B (Celebrex-only Plaintiffs), or C (Plaintiffs who allege taking both Bextra and Celebrex) pursuant to the schedule ordered in paragraph 5 herein. If a Plaintiff initially completes Attachment A or B hereto and

M30574G642

medical records or other information subsequently reveal that Plaintiff took both Bextra and Celebrex, such Plaintiff shall provide the additional information contained in Attachment C within sixty (60) days upon request by any Defendant. Each PFS shall be mailed to Defendants' counsel as follows:

> Loren H. Brown
> Raymond M. Williams
> Attn: Bextra/Celebrex—NY COORD. PROC.
> DLA PIPER RUDNICK GRAY CARY US LLP
> 1251 Avenue of the Americas
> New York, New York 10020

b.    <u>Responsive Documents</u>.  The Plaintiff shall also produce with his or her PFS all documents responsive to the document requests contained therein ("responsive documents"). If neither Plaintiff nor Plaintiff's counsel possess responsive documents, Plaintiff's counsel must inform Defendants' counsel of such in writing concurrently with serving the PFS.

c    <u>Answers Binding As If Interrogatory Responses And Signed Under Penalty Of Perjury</u>. All responses in a PFS are binding on the Plaintiff as if they were contained in responses to interrogatories. Each PFS shall be signed and dated by the Plaintiff or the proper Plaintiff representative under penalty of perjury.

d.    <u>Plaintiffs Suing In Representative Or Derivative Capacity</u>. If the Plaintiff is suing in a representative or derivative capacity (e.g., on behalf of an estate, as a survivor, and/or as an assignee or subrogee), the completed PFS and produced responsive documents must provide information about the individual who allegedly took Celebrex and/or Bextra.

M00E74-543

3.  Plaintiffs' Obligation To Serve HIPAA-Compliant Authorizations.

a.  Five Blank Medical Authorizations Served With PFS.  Each individual Plaintiff subject to this Order shall serve upon Defendants' counsel designated above along with his or her PFS and responsive documents five originals of the "Authorization for the Release of Medical Records" for all health care providers and other sources of information and records (including but not limited to pharmacies, insurance companies, and/or any applicable state or federal government agencies) (collectively, "custodian of records") in forms as agreed upon by Plaintiffs' and Defendants' Liaison Counsel and contained in CMO No. 7.  The "Authorization for the Release of Medical Records" shall distinguish between Plaintiffs asserting no psychological injury and Plaintiffs asserting psychological injury, and each individual Plaintiff shall serve the version that is applicable to that individual Plaintiff.  The authorizations shall be dated and signed without setting forth the identity of the custodian of the records or provider of care.

b.  Three Blank Employment Authorizations Served With PFS.  Each individual Plaintiff subject to this Order shall serve upon Defendants' counsel designated above along with his or her PFS and responsive documents three originals of the "Authorization for the Release of Employment Records" for all employers in forms to be agreed upon by Plaintiffs' and Defendants' Liaison Counsel with respect to Plaintiffs asserting no wage loss claim and Plaintiffs asserting a wage loss claim.  The authorizations shall be dated and signed without setting forth the identity of the employer.

c.  Custodian-Specific Updated Or Additional Authorizations.  If a health care provider, employer, or other custodian of records: (i) has a specific authorization form it requires its patients to use, (ii) requires a more recent authorization than the

3

M30ET4J9644

authorizations initially provided by Plaintiff, (iii) requires a notarized authorization, or (iv) requires an original signature and the record collection company or companies jointly retained by the parties have already used all original authorizations provided by Plaintiff, then the record collection company or companies retained by the parties shall so notify Plaintiff's counsel and provide such specific authorization(s) and/or new blank authorization(s) to Plaintiff's counsel. Plaintiff shall execute such specific, updated and/or original authorization(s) within thirty (30) days and pursuant to paragraph 3.d. herein, where applicable. Where Plaintiff identifies one of the custodians of record listed in Attachment D hereto in his or her Plaintiff Fact Sheet, such Plaintiff shall execute the applicable custodian-specific authorization for that custodian and provide such authorization along with his or her Plaintiff Fact Sheet, blank authorizations and responsive documents. Plaintiffs' Liaison Counsel shall make the custodian-specific authorizations for the custodians listed in Attachment D available to Plaintiffs' counsel.

   d. <u>Plaintiffs Suing In Representative Or Derivative Capacity</u>. If the Plaintiff is suing in a representative or derivative capacity, the authorizations must be signed and produced along with documentation, if any exists, establishing that the signatory is a duly appointed representative or is otherwise permitted to execute authorizations on behalf of the person who allegedly took Celebrex and/or Bextra.

   4. <u>Use Of Authorizations</u>.

   a. <u>Custodians Listed In PFS</u>. Any record collection company or companies jointly retained by the parties may use the authorizations (including copies of the original blank authorizations) for any health care provider, employer, or other custodian of records identified in the PFS without further notice to the Plaintiff's counsel. Any Plaintiff who has an objection to the collection of records from any health care provider, employer, or other

M00E744845

custodian of records identified in the PFS shall make such objection to Defendants at the time the PFS is provided, or else any such objection to the use of the authorization is waived. This provision shall not waive any right that an individual may have to request the return of the records, to challenge the admissibility of the records, or to otherwise move the Court for appropriate relief.

       b.    <u>Custodians Not Listed In PFS</u>. If the Defendants wish to use an authorization to obtain records from a custodian that is not identified in the PFS, the record collection company or companies jointly retained by the parties shall provide the Plaintiff's counsel for that particular case with seven days written notice (by facsimile) of the intent to use an authorization to obtain records from that custodian. If Plaintiff's counsel fails to object to the request within seven days (by facsimile), the retained record collection company or companies may use the authorization to request the records from the custodian identified in the notice. If Plaintiff's counsel objects to the use of the authorization to obtain records from the custodian identified in the notice within said seven-day period, such objection must be served on Defendants' counsel designated above in writing (by facsimile) and must identify the legal basis for the objection and describe the nature of the documents to which the objection is asserted in a manner that, without revealing the information allegedly protected, will enable the Defendants to assess the applicability of the asserted protection.

       5.    <u>Schedule For Serving Plaintiff Fact Sheets, Responsive Documents And Authorizations</u>. Plaintiffs in cases filed prior to the date of entry of this Order shall have sixty (60) days from the date of entry of this Order to serve upon Defendants' counsel designated above a complete and signed PFS, all responsive documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel) and properly executed authorizations. Each

Plaintiff in cases that are filed in the New York Unified Court System and that are or will be subject to this Coordinated Proceeding after the date of entry of this Order shall serve upon Defendants' counsel designated above a complete and signed PFS, all responsive documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel) and properly executed authorizations within sixty (60) days from the date of filing. For the purpose of this paragraph, the "date of filing" is defined as the date on which the case is filed in the New York Unified Court System. Notwithstanding the provisions of this paragraph, in cases that have been filed but where the complaint has not been served upon Defendants, Defendants' receipt of a PFS, responsive documents, authorizations or other such materials served under this paragraph shall not constitute or be deemed consent to personal jurisdiction or a waiver of any service requirement in such cases under applicable law.

6       Provision Of Medical Records To Parties.  Plaintiffs' and Defendants' Liaison Counsel shall make available, through an outside vendor(s) jointly selected and hired by Liaison Counsel, all records obtained from any health care provider(s) or other custodian(s) of records through an authorization or subpoena on a secure web site maintained by the outside vendor(s). Such records shall be Bates numbered by the vendor. Plaintiff's counsel in a specific case may access that web site to obtain copies of their clients' records only, and are hereby restricted from accessing or obtaining copies of any other individual's medical records through that web site or vendor. For each set of records Plaintiffs' counsel (or counsel for any other party) wishes to obtain from the vendor(s), Plaintiffs or the other party may be charged any one-time "viewing fees" established by the vendor(s) and agreed to by the parties, plus half of any fee charged by the records custodian, which shall be payable directly to the vendor(s). If a third party (for example, a treating physician defendant or other third party or, as the case may be, a

MDL2 74747

Plaintiff) also wishes to obtain the records, that party shall be charged one-third of the fee charged by the record custodian, and one-third of the fee paid by each earlier party who obtained the records shall be refunded by the vendor(s). Plaintiffs (or counsel for any other party) will be able to download and copy any and all viewed records for their use at no additional expense. The Defendants shall have no other obligation to provide medical or other records obtained pursuant to the authorization(s) to Plaintiffs, including prior to the deposition of any Plaintiff.

III.    **Dismissal Of Plaintiffs' Claims For Failure To Comply With Discovery Obligations**

7.    Notice That Claims May Be Dismissed. Any Plaintiff who fails to comply with any discovery obligations imposed by this Order within the time periods set forth herein may be subject to having his or her claims, as well as any derivative claim(s), dismissed if good cause for such dismissal is shown. Good cause shall exist where there is a material deficiency in responding to required discovery, i.e., one that prejudices Defendants through a failure to provide necessary information, thereby impeding Defendants' access to material and relevant evidence. Any dismissal may be with or without prejudice as the Court may determine in an individual case. Defendants have informed the Court that they intend to move to dismiss with prejudice those cases in which there is a material deficiency in responding to required discovery. The procedure for such motions shall be governed by paragraph 10 herein.

8.    Initial Notice Of Discovery Obligations.

a.    Notice By Court To Be Jointly Drafted By Parties. Plaintiffs' and Defendants' Liaison Counsel shall meet and confer to draft a notice from the Court to Plaintiffs' counsel regarding the Coordinated Proceeding, which such notice shall describe the status of the litigation, the Plaintiffs' discovery obligations, and any other duties imposed by the Court's various Case Management Orders and which shall enclose copies of the Case Management

Orders applicable to all cases ("the Initial Notice"). Liaison Counsel shall update the Initial Notice from time to time as they see fit or as ordered by the Court. Plaintiffs' Liaison Counsel shall be responsible for transmitting the Initial Notice to Plaintiffs' counsel.

        b.    <u>Cases Presently Pending In The Coordinated Proceeding</u>. The Initial Notice provided to Plaintiffs' counsel in all cases pending in this Coordinated Proceeding as of the date of this Order shall inform Plaintiffs' counsel in the subject cases that, pursuant to this Case Management Order, Plaintiffs have sixty (60) days to serve upon Defendants' counsel designated above a complete and signed PFS, all responsive documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel) and properly executed authorizations.

        c.    <u>Cases Subsequently Filed And Transferred</u>. The Initial Notice provided to Plaintiffs' counsel in all cases transferred to or directly filed in this Coordinated Proceeding after the date of this Order shall inform Plaintiffs' counsel that, pursuant to this Case Management Order, Plaintiffs have sixty (60) days from the date of service or the date of transfer as defined in paragraph 5 above to serve upon Defendants' counsel designated above a complete and signed PFS, all responsive documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel), and properly executed authorizations.

        9.    <u>Notice Of Overdue Or Deficient Discovery</u>. When any Plaintiff has failed to materially comply with their obligations under this Order within the timelines established herein, Defendants' Liaison Counsel or her designee shall send a notice of the material deficiency to the Plaintiff's counsel for the individual whose responses are alleged to be defective ("the deficiency letter"). The deficiency letter shall identify with particularity the alleged material deficiency, state that the Plaintiff will have thirty (30) days to cure the alleged

MDE74-849

material deficiency, and state that absent the alleged material deficiency being cured within that time (or within any extension of that time as agreed to by the parties), Defendants may move for dismissal of Plaintiff's claims, including dismissal with prejudice upon an appropriate showing. Plaintiffs' Liaison Counsel or his designee shall be electronically copied with the deficiency letter. This provision shall not be construed to prevent Defendants' Liaison Counsel or her designee from meeting and conferring with Plaintiffs' Liaison Counsel regarding any other deficiencies.

      10.   <u>Procedure For Dismissal Of Cases With Material Deficiency</u>. The procedure for the motions referenced in paragraph 7 shall be as follows:

      a.   If Plaintiff's individual counsel responds to the deficiency letter, Defendants' Liaison Counsel or her designee shall meet and confer with such counsel with respect to the purported deficiency.

      b.   If the parties' meet and confer is unsuccessful, or if Plaintiff's individual counsel does not respond to the deficiency letter and a subsequent meet and confer effort under New York Rules of Court § 202.7 (22 N.Y.C.R.R. 202.7), Defendants' Liaison Counsel or her designee may file a motion (a "compliance motion") with the Special Master (appointed by the Court to hear such disputes) seeking a report and recommendation requiring Plaintiff to comply with this Order within twenty-one (21) days, or face a dismissal motion to be filed with the Court, including dismissal with prejudice, or other sanctions.

      c.   Such compliance motion shall be heard on an expedited basis. A compliance motion may be noticed twenty-one (21) calendar days before the hearing date, with any opposition to be filed ten (10) calendar days before the hearing and any reply to be filed five (5) calendar days before the hearing.

MDLE744950

d.    If the Special Master appointed by the Court to hear such disputes determines that Plaintiff's discovery is materially deficient, it shall issue a report and recommendation requiring Plaintiff to comply with this Order within twenty-one (21) days ("the compliance order"), or face dismissal or other appropriate sanctions, as determined by the Court.

e.    If Plaintiff does not comply with the compliance order within twenty-one (21) days, Defendants' Liaison Counsel or her designee may file a motion with the Court to dismiss Plaintiff's claims with prejudice or for other appropriate sanctions (a "dismissal/sanctions motion").

f.    Such dismissal/sanctions motion shall be heard on an expedited basis. A dismissal motion may be noticed twenty-one (21) calendar days before the hearing date, with any opposition to be filed ten (10) calendar days before the hearing and any reply to be filed five (5) calendar days before the hearing.

g.    If the Court determines that Plaintiff has not complied with the compliance order, it may dismiss Plaintiff's claims with or without prejudice, or impose other sanctions, as it deems appropriate.

IV.    **Defendant Fact Sheet**

11.    <u>Pfizer Entities' Obligation To Serve Defendant Fact Sheet</u>. Defendants Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and G.D. Searle LLC (formerly known as G.D. Searle & Co.) (collectively, "the Pfizer Entities"), shall collectively serve upon each Plaintiff's counsel of record (as identified in the PFS) a hard copy of a complete and verified Defendant Fact Sheet in the form set forth in Attachment E. An electronic copy of the Defendant Fact Sheet shall also be served on Plaintiffs' Liaison Counsel's

designee and individual counsel for each Plaintiff for whom an email address has been provided in the Plaintiff Fact Sheet.

12. <u>Schedule For Serving Defendant Fact Sheet</u>. The Pfizer Entities shall provide a complete and verified Defendant Fact Sheet within sixty (60) days after receipt of a substantially complete and verified PFS and substantially complete authorizations, or within sixty (60) days after service of the complaint, whichever is later. If the Pfizer Entities fail to provide a completed and verified Defendant Fact Sheet within that time, Plaintiffs' Liaison Counsel shall provide notice to Defendants' Liaison Counsel by facsimile as provided in paragraph 13 herein. The Pfizer Entities shall have an additional thirty (30) days to cure the deficiency. No other extensions will be granted, absent good cause.

13. <u>Notice Of Overdue Or Deficient Discovery</u>. In the event that the Pfizer Entities have failed to materially comply with their obligations under this Order within the timelines established herein, Plaintiffs' Liaison Counsel shall send a notice of the material deficiency to the Defendants' Liaison Counsel. The notice shall identify with particularity the alleged material deficiency, state that the Pfizer Entities will have thirty (30) days to cure the alleged material deficiency, and state that absent the alleged material deficiency being cured within that time (or within any extension of that time as agreed to by the parties), Plaintiffs' Liaison Counsel may, after meeting and conferring with Defendants' Liaison Counsel, move the Court or Special Master appointed by the Court to hear such disputes for evidentiary or other sanctions. This provision shall not be construed to prevent Plaintiffs' Liaison Counsel or her designee from meeting and conferring with Defendants' Liaison Counsel regarding any other deficiencies.

14.     <u>Notice That Court May Impose Sanctions</u>.   If the Pfizer Entities fail to comply with any discovery obligations imposed by this Order within the time periods set forth herein, the Pfizer Entities may be subject to such evidentiary or other sanctions as this Court (or Special Master appointed by the Court to hear such disputes) may see fit to impose, upon motion by Plaintiffs' Liaison Counsel, after meeting and conferring with Defendants' Liaison Counsel, if good cause for such sanctions is shown.   Good cause shall exist where there is a material deficiency in responding to required discovery, i.e., one that prejudices Plaintiff through a failure to provide necessary information, thereby impeding Plaintiff's access to material and relevant evidence.

V.    **Other Discovery**

15.    Case-Specific Discovery.  The parties shall meet and confer regarding a further schedule for discovery, a protocol for the selection of certain cases for an initial trial pool of cases to be initially addressed by this Court and case-specific depositions as to those cases.

16.    Generic Experts.  The parties shall meet and confer regarding the subject of generic expert discovery.  The term "generic experts" refers to experts who will testify on issues of general or widespread applicability, including but not limited to those who will testify on general causation.  The parties shall meet and confer to agree upon timing for the identification of generic experts, the number of generic experts, the contents of generic experts' reports and the schedule for generic expert discovery and *Daubert / Frye* motions.

**FILED**

SO ORDERED.

Dated: 8/14 , 2006

AUG 16 2006

NEW YORK
COUNTY CLERK'S OFFICE

SHIRLEY WERNER KORNREICH
Hon. Shirley W. Kornreich
J.S.C.

7987997v7

13

# Exhibit 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

IN RE:  NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

: Index No. 762000/06

: ORDER GRANTING
: DEFENDANTS' EXPEDITED
: MOTION SEEKING ORDER
: REQUIRING COMPLIANCE
: WITH CASE MANAGEMENT
: ORDER NO. 6

-------------------------------------------------------------- 

THIS DOCUMENT APPLIES ONLY TO CASES
LISTED ON APPENDIX A

: (COMPLIANCE MOTION
: NO. 2)

-------------------------------------------------------------- x

THIS MATTER having come before the Court on Defendants' Expedited Motion Seeking

Order Requiring Compliance with Case Management Order ("CMO") No. 6; the parties having

received due notice and having had the opportunity to be heard; and this Court having considered all

submissions made in support of and in opposition to the motion:

IT IS HEREBY ORDERED THAT Defendants' Expedited Motion Seeking Order Requiring

Compliance with CMO No. 6 is GRANTED.  Plaintiffs listed in Appendix A must serve on

Defendants a completed Plaintiff Fact Sheet, correctly executed Authorizations, and Responsive

Documents (or notice that none are in the possession of Plaintiff or Plaintiff's counsel) within

twenty-one (21) days of the date of entry of this Order.

Failure to comply with this Order may result in any of the sanctions referred to in CMO

No. 6, including dismissal with prejudice.

Dated: November 5, 2007

Honorable Fern M. Smith
United States District Judge (Ret.)
Special Master

FILED
NOV 14 2007
NEW YORK
COUNTY CLERK'S OFFICE

M00FC37023

APPENDIX A

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Carol Adelberg, et ux., Arthur Adelberg, and Antonio Amendoeira, et ux. Maria Amendoeira vs. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation and Merck & Co., Inc. | Adelberg, Carol | 401585/07 | Law Office of Ronald R. Benjamin |
| 2 | Geraldine Alapeck v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Alapeck, Geraldine | 111293/06 | Law Office of Ronald R. Benjamin |
| 3 | Joseph Apice v. Pfizer Inc. | Apice, Joseph | 150418/07 | Weitz & Luxenberg, P.C. |
| 4 | Carolyn Barney v. Pfizer Inc. | Barney, Carolyn | 150100/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 5 | Josephine Bartlett, et ux. Carl Bartlett, Maria Rozario, et ux. Cyril Rozario, Michael Smith, et ux. Bonnie Lou Mitchell, and Pamela Saccone v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Bartlett, Josephine | 116111/04 | Law Office of Ronald R. Benjamin |
| 6 | Ben Beecham v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Beecham, Ben | 105679/07 | Matthews & Associates |

M00FC37024

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 7 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Bilik, Anthony | 101550/05 | Law Office of Ronald R. Benjamin |
| 8 | Helen Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Geraldine M. Alapeck, Dean Santacrose, and Stasia Simmons vs. Pfizer Inc., Pharmacia Corporation, a wholly-own subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Bilik, Helen | 106237/05 | Law Office of Ronald R. Benjamin |
| 9 | Ronald Bramson and Elaine Bramson v. Pfizer Inc. | Bramson, Ronald | 101271/07 | Douglas & London, P.C. |
| 10 | Minnie H. Young, Individually and as Executrix of the Estate of Renee Burnett, Deceased v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Burnett, Renee | 150333/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 11 | Janice D. Bush v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Bush, Janice D. | 150047/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

M00FC37025

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 12 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Albert | 106547/05 | Law Office of Ronald R. Benjamin |
| 13 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Samuella | 106547/05 | Law Office of Ronald R. Benjamin |
| 14 | Sixta A. Claudio v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Claudio, Sixta A. | 150334/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 15 | Timothy A. Corkran v. Pfizer Inc. | Corkran, Timothy A. | 150117/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 16 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Corprew, Wilbert E. | 106547/05 | Law Office of Ronald R. Benjamin |

3

M00FC37026

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 17 | Carolyn Croft v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Croft, Caroline S. | 111295/06 | Law Office of Ronald R. Benjamin |
| 18 | Altoria Dallas v. Pfizer Inc. | Dallas, Altoria | 150118/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 19 | Patricia J. Danberry v. Pfizer Inc. | Danberry, Patricia J. | 150119/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 20 | Joseph DeStefano v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | DeStefano, Joseph | 150071/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 21 | Shirley Diggs v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Diggs, Shirley | 150266/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 22 | Michael D. Donovant v. Pfizer Inc. | Donovant, Michael D. | 104609/07 | Matthews & Associates |
| 23 | Mayra Figueroa v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Figueroa, Mayra | 111296/06 | Law Office of Ronald R. Benjamin |

M00F C37027

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 24 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Golub, Robert | 101550/05 | Law Office of Ronald R. Benjamin |
| 25 | Teri L. Hall v. Pfizer Inc. | Hall, Teri L. | 150359/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 26 | Glenna M. Harrison and Roger Harrison, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Harrison, Glenna M. | 150260/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 27 | Dorothy M. Hocker v. Pfizer Inc. | Hocker, Dorothy M. | 150150/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 28 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | House, Rebecca M. | 101550/05 | Law Office of Ronald R. Benjamin |
| 29 | Ruth Ice v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Ice, Ruth | 150255/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

M00FC37028

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 30 | Kevin D. James v. Pfizer Inc. | James, Kevin D. | 150172/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 31 | Barbara Jaros, Bruce D. Peer, et ux, Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Jaros, Barbara | 116110/04 | Law Office of Ronald R. Benjamin |
| 32 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Jarvis, Patricia | 101550/05 | Law Office of Ronald R. Benjamin |
| 33 | Joseph E. Jenkins, III v. Pfizer Inc. | Jenkins, III, Joseph E. | 150361/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 34 | Shirley A. Jenkins v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Jenkins, Shirley A. | 150051/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 35 | Merton J. Kreps, Sr. v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Kreps, Sr., Merton J. | 150050/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 36 | George Lacey and Roxanne S. Lacey, w/h v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Lacey, George | 150349/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

6

M00FC37029

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 37  Lester A. Lamb v. Pfizer Inc. | Lamb, Lester A. | 150160/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 38  Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Lupole, Barbara I. | 101550/05 | Law Office of Ronald R. Benjamin |
| 39  Mary Mahar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Mahar, Mary J. | 111300/06 | Law Office of Ronald R. Benjamin |
| 40  Anthony Marchetti and Beverly Marchetti, h/w v. Pfizer Inc. | Marchetti, Anthony | 113362/06 | Weitz & Luxenberg, P.C. |
| 41  Beth A. McAllen v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | McAllen, Beth A. | 150080/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 42  Marion McCaskill-Whittington v. Pfizer Inc. | McCaskill-Whittington, Marion | 150386/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 43  Dorothy McKinley v. Pfizer Inc. | McKinley, Dorothy | 150170/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 44  Roy Medlin v. Pfizer Inc. | Medlin, Roy | 150380/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

M00FC37030

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 45 | Llyod Moore v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Moore, Llyod | 150295/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 46 | Barbara O'Farrell v. Pfizer Inc. | O'Farrell, Barbara | 150396/07 | Weitz & Luxenberg, P.C. |
| 47 | David Ott v. Pfizer Inc. | Ott, David | 150007/07 | Weitz & Luxenberg, P.C. |
| 48 | Jane Outlar, Individually and as Representative for the Estate of David N. Outlar, Deceased v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Outlar, David N. | 150341/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 49 | Donald J. Paquin v. Pfizer Inc. | Paquin, Donald J. | 150182/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 50 | Marcus B. Patterson v. Pfizer Inc. | Patterson, Marcus B. | 150332/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 51 | Frank H. Alessio, et ux. Patricia A. Alessio, Lucy Pedone, and Vernon Ramoutar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Pedone, Lucy | 101549/05 | Law Office of Ronald R. Benjamin |
| 52 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Peer, Bruce D. | 116110/04 | Law Office of Ronald R. Benjamin |

8

M00FC37031

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 53 | Bobbie A. Pen v. Pfizer Inc. | Pen, Bobbie A. | 150290/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 54 | Robert W. Phillips v. Pfizer Inc. | Phillips, Robert W. | 150315/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 55 | Kevin Pitcher v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Pitcher, Kevin | 111311/06 | Law Office of Ronald R. Benjamin |
| 56 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Plocek, Elsa | 106547/05 | Law Office of Ronald R. Benjamin |
| 57 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Quackenbush, Ronald, Sr. | 116110/04 | Law Office of Ronald R. Benjamin |
| 58 | Carolyn E. Rabb v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rabb, Carolyn E. | 150085/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

M00FC37032

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 59 | Marianne Raftis v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Raftis, Marianne | 111297/06 | Law Office of Ronald R. Benjamin |
| 60 | Maria H. Restrepo v. Pfizer Inc. | Restrepo, Maria H. | 150197/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 61 | Lula Roberson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Roberson, Lula | 150393/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 62 | Maria Rozario, et ux. Cyril Rozario v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia and Upjohn Company, wholly-owned subsidiary of Pharmacia Corporation | Rozario, Maria | 103934/06 | Law Office of Ronald R. Benjamin |
| 63 | Maria Rozario and Cyril Rozario v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rozario, Maria | 150235/07 | Napoli Bern Ripka, LLP |
| 64 | Khanom Salmassie v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto | Salmassie, Khanom | 150394/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 65 | Dean Santacrose v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Santacrose, Dean | 111290/06 | Law Office of Ronald R. Benjamin |

*deleted JM* (handwritten annotation next to 61)

*deleted JM* (handwritten annotation next to 63)

10

M00FC37033

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 66 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Schaffer, Ronald H. | 106547/05 | Law Office of Ronald R. Benjamin |
| 67 | Ernest D. Schroeder v. Pfizer Inc. | Schroeder, Ernest D. | 150372/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 68 | Ella Schulp, Individually and as Proposed Administrator of the Estate of Eugene Schulp, Deceased v. Pfizer Inc. | Schulp, Eugene | 150406/07 | Weitz & Luxenberg, P.C. |
| 69 | David D. Sellers v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Sellers, David D. | 150087/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 70 | Kenneth E. Shaddix v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Shaddix, Kenneth E. | 150088/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 71 | Betty C. Shagen v. Pfizer Inc. | Shagen, Betty C. | 150319/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 72 | Sarah M. Shoulders v. Pfizer Inc. | Shoulders, Sarah M. | 150207/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

M00FC37034

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 73 Michael Smith, et ux Bonnie Lou Mitchell v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a whollly-owned subsidiary of Pharmacia Corporation | Smith, Michael | 115440/05 | Law Office of Ronald R. Benjamin |
| 74 Johnny A. Sours v. Pfizer Inc. | Sours, Johnny A. | 150403/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 75 Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Spencer, Frank | 402996/07 | Law Office of Ronald R. Benjamin |
| 76 Margaret Steinhoff, et ux. Michael Steinhoff v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Steinhoff, Margaret | 111292/06 | Law Office of Ronald R. Benjamin |
| 77 Keith H. Stender v. Pfizer Inc. | Stender, Keith H. | 150223/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 78 Susan N. Thaler v. Pfizer Inc. | Thaler, Susan N. | 150225/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 79 Jimmy E. Thompson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Thompson, Jimmy E. | 150301/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

M00FC37035

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 80 | Thelma Tomasco v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Tomasco, Thelma | 150091/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 81 | Tamatha Tucker v. Pfizer Inc. | Tucker, Tamatha | 116286/06 | Weitz & Luxenberg, P.C. |
| 82 | Clifton B. Whitehead v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Whitehead, Clifton B. | 150094/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 83 | John Wolfe and Thai Wolfe, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Wolfe, John | 150240/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

M00FC37036

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL.                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO.3:03cv435WS

MERCK & CO, INC., ET AL.                                    DEFENDANTS

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND
### AND GRANTING DEFENDANTS' PENDING MOTIONS

THIS CAUSE came before the Court on:

1.    Plaintiffs' Motion to Remand (#6);

2.    Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3.    Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4.    Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24);

5.    Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal authorities submitted by the parties, having heard the argument of counsel and having otherwise fully considered the above-referenced Motions, the Court is of the opinion that the Defendants' Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be denied.

IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2.    Dr. Randall Smith's Motion for Summary Judgment (#19) is granted. Judgment is hereby entered in favor of Dr. Smith.

3.    Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4.    Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted. Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5.    The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted. The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the _26th_ day of _March_ 2004.

_Nancy F. Wright_
UNITED STATES DISTRICT JUDGE

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

MERCK-MD024

M00DA64413

Approved as to form:

*Dave Miceli* (SAT w/ Permission)
Counsel for Plaintiffs

*Linta Madeth Turn*
Counsel for Defendant Merck & Co., Inc.

*Michael Coleman* (w/ my permission)
Counsel for Defendant Randall Smith, M.D.

JACKSON 1596791

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

3

MOORE280705

M00DA6414

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 6 2004

Michael N. Milby, Clerk
Laredo Division

PATRICIA BENAVIDES, Individually
and as Representative of the ESTATE OF
LUCIA GUTIERREZ,

    Plaintiffs,

v.

MERCK & CO., INC., CARLOS
CIGARROA, M.D., MERCY HOSPITAL,
AND DENNIS CANTU, M.D.,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. L - 03 - 134

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] and Defendant

Dennis Cantu, M.D.'s Motion to Dismiss [Doc. No. 41]. The Motion to Remand was referred to

Magistrate Judge Adriana Arce-Flores for a report and recommendation. Judge Arce-Flores filed

the Report and Recommendation on February 24, 2004. No party has objected to the Report and

Recommendation. *See* 28 U.S.C. 636(b). "A party who fails to file written objections to a

magistrate judge's proposed findings and recommendations waives the objection..." *United*

*States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Finding no clear error, this Court accepts

the Report and Recommendation. Accordingly, Plaintiffs' Motion to Remand is hereby

DENIED and all claims against Dr. Carlos Cigarroa, Dr. Dennis Cantu, and Mercy Hospital are

hereby DISMISSED WITH PREJUDICE.

43

MOODA6405

MOODA6415

Having adopted the Report and Recommendation, the Court has already dismissed all

claims against Dr. Cantu. For that reason, the pending Motion to Dismiss is **DENIED AS**

**MOOT.**

IT IS SO ORDERED.

SIGNED this __ day of April, 2004.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE
BEEN SENT ONE BY THE COURT.

2

3731 and Jim Staley 3730

IN THE UNITED STATES DISTRICT CC
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED

OCT 0 9 2003

Michael N. Milby, Clerk of Court

KIMBERLY STUBBLEFIELD, et al

versus

CIVIL ACTION NO. H-02-3139

MERCK & COMPANY, INC., et al

# ORDER

Pending before the Court is Plaintiff's Motion to Reassign Case to Original Court (H-02-3490) and to Consolidate Cases with Civil Action No. H-02-3139 (Instrument No. 23). The Motion to Consolidate (Instrument No. 23-1) is DENIED. This Court has no authority to reassign either of the other two cases referenced by Plaintiff and accordingly that Motion (Instrument No. 23-2) is also DENIED. The matter has been referred to the District Clerk's Office to determine if Defendants wrongfully failed to indicate that the case was related to one that had previously been remanded in order to forum shop.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the _____ day of October, 2003, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

27

M00DA6447

Minute Order Form (rev01)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4203 | **DATE** | 8/30/2002 |
| **CASE TITLE** | Scott Zeedyk, on behalf of himself and all other persons similarly situated vs. Merck & Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's Motion to Remand back to Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c)

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due ____.

(3)  ☐  Answer brief to motion due ____. Reply to answer brief due ____.

(4)  ☐  Ruling/Hearing on ____ set for ____ at ____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.

(7)  ☐  Trial[set for/re-set for] on ____ at ____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to ____ at ____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    For the reasons set forth on the reverse side of this minute order, Zeedyk's motion to remand for lack of subject matter jurisdiction is DENIED [7-1]

(11)  ■  [For further detail see order on the reverse side of the original minute order.]

| | | | SEP 0 3 2002 | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | | 10 |

M00AG6418

(Caption for use by the Court)

## ORDER

Before this Court is the motion of plaintiff, Scott Zeedyk, to strike or deny defendant's notice of removal. Plaintiff is a citizen of Illinois. Defendant, Merck, is a citizen of New Jersey. This case involves failure to warn claims and allegations that VIOXX, a prescription medicine manufactured by Merck, caused plaintiff, Zeedyk, to sustain life-threatening injuries.

On May 8, 2002, plaintiff filed his original complaint against the defendant in the Circuit Court of Cook County. On May 20, 2002, the defendant was served with service of process. On this date as well, plaintiff was granted leave of court by the Circuit Court to file an amended complaint instanter. On May 29, 2002, this amended complaint was served on the defendant. Pursuant to 28 U.S.C. § 1332, the defendant filed its first notice of removal, on June 12, 2002, based on its receipt of the original complaint, and on its subsequent receipt of the amended complaint, filed an amended notice of removal on June 25, 2002.

Plaintiff moves to remand because it alleges that Merck failed to conform to Local Rule 81.2. This rule requires that the notice of removal be accompanied by a statement of good faith that the jurisdictional limit is met and by either a response by plaintiff to a request to admit or a response to an interrogatory stating that the jurisdictional limit is met or proof of the failure to respond to such a request to admit or interrogatory. Merck did not provide any such responses with its notice of removal. Defendant argues that where, as here, the complaint clearly establishes that the amount in controversy is in excess of the jurisdictional minimum, the defendant need not establish satisfaction of the jurisdictional minimum through the procedure outlined in Local Rule 81.2.

This Court has previously explained that Local Rule 81.2 is "not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court." Murphy v. Avon Products, Inc., No. 02-C-146, 2002 WL 808386 (N.D. Ill. April 30, 2002); Huntsman v. Whitehouse, No. 97-C-3842, 1997 WL 548043 (N.D. Ill. Sept. 2, 1997). Zeedyk seeks, inter alia, compensatory and punitive damages for Merck's alleged knowing, intentional, willful, reckless, and malicious failure to warn. Plaintiffs seeking similar relief against other pharmaceutical manufacturer defendants and making similar allegations of failure to warn received jury awards well in excess of $75,000. See, e.g., Proctor v. Upjohn, 291 Ill.App.3d 265, 286-87 (Ill. App. 1997) (plaintiff received approximately $3 million in compensatory damages and $6 million in punitive damages for failure to warn claim); Batteast v. Wyeth Labs. Inc., 172 Ill. App.3d 114 (Ill. App. 1988) (upholding jury's award of approximately $9 million in compensatory damages and $13 million in punitive damages). Plaintiff attempted to defeat jurisdiction in this court by specifically pleading in the amended complaint that he was waiving his right to damages in excess of $75,000. However, this is impermissible under Illinois pleading rules, which forbid a plaintiff in a personal injury action from pleading in its complaint any amount of damages other than "the minimum necessary to comply with the circuit rules of assignment where the claim is filed." 735 Ill. Comp. Stat. Ann. § 5/2-604 (West 2002); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992). Thus, it is reasonably probable that the amount in controversy exceeds $75,000 where similar claims recovered damages well over that amount.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

David H. Coar

M000A64419

M000A64419

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JUN 1 8 2002

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

JOHN ABRUSLEY, SR.            :    DOCKET NO. 02-0196

VS.                          :    JUDGE TRIMBLE

MERCK & CO., INC., ET AL.     :    MAGISTRATE JUDGE WILSON

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand or alternatively, motion for leave to amend and then remand. [doc. # 20].[1]

In the summer of 2001, John Abrusley Sr. went to see his doctor because he was experiencing hip pain. (Petition, ¶ 2). His doctor gave him an injection of Risticus and supplied him with samples of Vioxx. *Id.* Abrusley used the Vioxx for two to three weeks, before stopping. *Id.* at ¶ 4. However, several days later, Abrusley suffered a stroke and collapsed – breaking his wrist. *Id.* at ¶¶ 5-9. Abrusley believes that Vioxx caused his stroke and resulting injuries. *Id.* at ¶ 11. Accordingly, on January 11, 2002, Abrusley filed the instant action against the Vioxx manufacturer, Merck, & Co., Inc. ("Merck") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Also made defendant was John Doe, the fictitious name for Merck's salesman or detailer who provided the product samples to plaintiff's doctor.

On January 31, 2002, Merck, timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiliary, and thus, is deemed a

_____

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

③⑦

MDL65 2973.1

M00DA64420

citizen of this state for purposes of jurisdiction. (Petition, preamble). Merck is a New Jersey corporation, with its principal place of business in said state. (Notice of Removal, ¶ 6). The citizenship of John Doe was disregarded because he is a fictitious party. 28 U.S.C. § 1441(a).

On March 27, 2002, plaintiff filed the instant, well-written, motion to remand or alternatively, motion for leave to amend and then remand.[1] Plaintiff contends that because John Doe was sufficiently described in the complaint and readily identifiable by Merck, then he should be considered for purposes of assessing diversity.[2] *Ibieta v. Brinks*, 1997 WL 781291 (E.D. La. 1997); *Tomkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D. La. 1994). We respectfully disagree with these cases. Section 1441(a) unequivocally states that "... the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). No exceptions are contemplated by this rule, and we are not at liberty to impose any.

Even if we treated John Doe as a named, non-diverse defendant, then it would have been incumbent upon the removing defendant to establish that plaintiff had no possibility of recovery against the in-state defendant, and that he had been joined merely to defeat diversity. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Here, defendant satisfied that burden.

In *Furlough v. Warner Lambert Co.*, we recognized that under Louisiana law the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Furlough v. Warner Lambert Co.*, Civil Action No. 3:01-0704 (W.D. La. 8/8 &

---

[1] After delay for discovery and briefing, the matter is now before the court.

[2] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. (*See*, Notice of Removal, ¶ 5). We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

2

MPSF 28002

M00DA6442

9/13/01)(citing, *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1ʳ Cir. 1988)).  However, the instant plaintiff's original petition is devoid of any specific allegations that John Doe, (a detailman) failed to provide the product insert to his physician or that he failed to explain the product insert.⁴  Thus, on its face, plaintiff's petition does not state a cause of action against the fictitious defendant, and plaintiff had no possibility of recovery against said defendant at the time of removal.  John Doe is properly excluded from the assessment of diversity.

Plaintiff alternatively seeks to amend his petition to substitute Bryant Tanail for John Doe, and to add defendant-detailmen/salesmen, Sonja Ragusa, James White, Stacey Walters, John Matthews, Vincent Moronto, John Matthews, and Sonya Brantley.  (*See,* First Supplemental and Amending Complaint).  Plaintiff alleges that these individual defendants are Louisiana residents.⁵  Of course, the post-removal joinder of any non-diverse defendant will destroy diversity jurisdiction and require remand.  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5ᵗʰ Cir. 1999); 28 U.S.C. § 1447(e).⁶

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its

---

⁴ The closest that plaintiff comes to stating an actionable claim against John Doe is his allegation that he failed to convey the hazardous and dangerous nature of Vioxx to plaintiff and his physician.  (Petition, ¶ 15, 53).  However, this declaration does not specifically allege that the detailman failed to deliver or explain the package inserts to the prescribing physician.  *See, Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5ᵗʰ Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 (5ᵗʰ Cir. 1999).

⁵ Presumably, they are Louisiana domiciliaries.

⁶ The post-removal substitution for a fictitious defendant is also analyzed under 28 U.S.C. § 1447(e).  *See, Doleac ex rel. Doleac v. Michnison*, 264 F.3d 470 (5ᵗʰ Cir. 2001).

3

MDDSF29013

MDDDA64442

discretion in deciding whether to allow that party to be added. ..." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[7]  In exercising its discretion, the district court is to consider the following factors,

> ... the extent to which the purpose of the amendment is to defeat
> federal jurisdiction, whether plaintiff has been dilatory in asking
> for an amendment, whether plaintiff will be significantly injured if
> an amendment is not allowed, and any other factors bearing on the
> equities.

*Hensgens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction.  Related to this issue is whether plaintiff has a real possibility of recovery against the proposed defendants.  *See, Cobb*, 186 F.3d at 678 (a court should never permit the joinder of a jurisdiction-destroying defendant when recovery against that defendant is not really possible).  Without question, plaintiff's amended complaint alleges a cause of action against the putative individual defendants.[8]  However, Merck submitted an uncontroverted affidavit which establishes that prior to the summer of 2001, putative defendant, Stacy K. Walters, provided the Vioxx product circular to Dr. Nesom (plaintiff's doctor), and explained it to him.  (Def. Exh. C).  Thus, Walters discharged her limited duty as a detailman.  Moreover, even if the remaining putative defendants did not discharge their individual duties to provide and explain the product inserts to Dr. Nesom, any breach of that duty could not have been a cause-in-fact of plaintiff's injuries because Stacy Walters provided that information to Dr. Nesom prior to the summer of

---

[7]  *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e).  However, some courts have suggested that § 1447(e) was a codification of *Hensgens.  See, Heinberger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

[8]  *See e.g.*, ¶ 1(c)(the detailman/salesman did not convey or explain the Vioxx package inserts to plaintiff's physician).

4

M00DA644073

2001. Accordingly, the uncontroverted evidence establishes that plaintiff does not have a real possibility of recovery against any of the putative individual defendants.

Independent of plaintiff's chances of recovery against the individual defendants, we note that the nature of the claims and parties in this case strongly indicate that the primary purpose of the amendment is to defeat federal subject matter jurisdiction. Plaintiff alleges that the detailmen/salesmen are employees of Merck. Thus, Merck would be vicariously liable for any negligence committed by its employees within the course and scope of their employment. The joinder of Merck's employees adds nothing to plaintiff's case -- except to secure remand to state court.

Merck concedes that plaintiff was not dilatory in seeking leave to amend. However, Merck alleges that plaintiff will not be significantly injured if the amendment is disallowed. We agree. As stated above, Merck is vicariously liable for its employees' negligence. Merck is fully capable of satisfying any judgment against it. To the extent that Merck could prove insolvent à la Enron or Global Crossing, the fiscal health of the individual employees would be no better. They would find themselves unemployed and struggling to meet mortgage and credit card payments.[1]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand or alternatively, motion for leave to amend and then remand [doc. # 20], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[1] There are no other dispositive equities to be considered.

5

MDNJ 79705

M00DA64424

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS

AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED

PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _18th_ day of

June, 2002.

COPY SENT:
DATE: 6/19/02
BY: fan
TO: Hoday
     McCall
     Cohen
     APWIBB
     JB

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

6

JUN 19 2002 14:44                    318-676-3962 USDC          PAGE 87

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN ± 5 2002

at _____ o'clock and _____ min _____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DONNA MEIFERT JONES, ETC., ET     )     CIVIL NO. 02-00186 SOM-LEK
AL.,                              )
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )
                                  )
MERCK & COMPANY, INC., ET         )
AL.,                              )
                                  )
          Defendants.             )

FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

On November 23, 2001, Plaintiff Donna Meifert Jones,

individually and as Personal Representative of the Estate of

Frank Newton Jones, Jr., also known as Frank N. Jones, deceased,

("Plaintiff"), filed a Complaint in the Circuit Court of the

First Circuit State of Hawaii against Defendant Merck & Company,

Inc. ("Defendant"), alleging inter alia, strict liability,

negligence, negligence per se, breach of implied warranty, breach

of express warranty, deceit by concealment, negligent

misrepresentation, violation of the Uniform Deceptive Trade

Practices Act, Chapter 481A, Hawaii Revised Statutes ("HRS"), HRS

§ 480-2, and punitive damages.  On March 28, 2002, Defendant

MDM5 29717

M00DA64236

filed a Notice of Removal in the United States District Court for
the District of Hawaii pursuant to 28 U.S.C. § 1441(a).

On April 26, 2002, Plaintiff filed the instant Motion
to Remand, which District Judge Susan Oki Mollway referred to
this Court pursuant to 28 U.S.C. § 636(b)(1)(B) on April 29,
2002. Defendant filed its opposition on May 17, 2002, and
Plaintiff replied on May 23, 2002. Pursuant to Local Rule
7.2(d), the Court finds this matter suitable for disposition
without a hearing. After careful consideration of the parties'
submissions and arguments, this Court FINDS that the action was
properly removed from state court, and thus, RECOMMENDS that
Plaintiff's motion be DENIED in its entirety.

### DISCUSSION

Defendant removed this case from state court on the
basis of diversity jurisdiction. A federal district court has
original jurisdiction over all civil actions involving citizens
of different states where the amount in controversy exceeds
$75,000, exclusive of interest and costs. See 28 U.S.C. §
1332(a). When federal subject matter jurisdiction is predicated
on diversity of citizenship, complete diversity must exist
between the opposing parties. See Owen Equip. & Erection Co. v.
Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff now contends that discovery has revealed four

2

distributors who "may have distributed Vioxx in Hawaii." (Pl.'s
Mem. in Supp. at 4.) While Plaintiff admits that further
discovery is needed to ascertain the nature and extent of Vioxx
distribution in Hawaii, Plaintiff asserts an intent to add these
distributors to the action. Further, Plaintiff suggests that
because these distributors "are licensed to do business in the
State of Hawaii," (Id.) the addition of these distributor
defendants will destroy diversity jurisdiction and divest the
Court of its subject matter jurisdiction.

It is well-established that the Court's diversity
jurisdiction is determined at the time the notice of removal is
filed. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303
U.S. 283, 289 (1938). Furthermore, under the removal statute,
the citizenship of defendants sued under fictitious names is to
be explicitly disregarded for purposes of diversity removal. See
28 U.S.C. § 1441(a).[1]

Plaintiff is a citizen of the State of Hawaii.
Defendant, whose principal place of business is in the State of

---

[1] The statute states, in pertinent part, "[f]or purposes of
removal under this chapter, the citizenship of defendants sued
under fictitious names shall be disregarded." 28 U.S.C.
§ 1441(a). This language was added in 1988 under the Judicial
Improvements and Access to Justice Act, in order to curtail the
practice of naming fictitious defendants merely to destroy
diversity. See Wright & Miller, Federal Practice & Procedure §
3642.

3

MOODA64428

MOOSF29039

New Jersey, is a citizen of New Jersey. It is undisputed,
therefore, that complete diversity exists between Plaintiff and
Defendant and that the Court has diversity jurisdiction in this
action. Moreover, given the explicit language of the removal
statute, the Court must necessarily disregard the citizenship of
the unnamed defendants.[2]

Nevertheless, the Court is convinced that mere
allegations that the unnamed defendants may be residents of
Hawaii without more, is insufficient to destroy diversity.
Plaintiff's papers seem to suggest that further discovery is
necessary to ascertain the identity and citizenship of the
unnamed defendants. Under the circumstances, therefore, there is
no specific reason to believe that the unnamed defendants will
prove to be Hawaii citizens.

Accordingly, and based on the clear language of 28
U.S.C. § 1441(a), this Court FINDS that removal was proper, and
thus, RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[3]

_____

[2] While Plaintiff's Memorandum in Support identified the
distributors as McKesson Corporation, McKesson Drug Company,
Amerisource Bergen and R. Weinstein, Inc., Plaintiff's Reply
states "Plaintiff does not have the identity of the Hawaii
distributor of Vioxx." (Pl.'s Reply at 2.) Accordingly, and
given that Plaintiff has not moved to amend the Complaint to
include these defendants, the Court treats these defendants as
unnamed.

[3] Defendant aptly cites to Newcombe v. Adolf Coors Co., 157
F.3d 686 (9th Cir. 1998), and points out that the "proper

4

## CONCLUSION

For the foregoing reasons this Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii; June 5, 2002;

LESLIE E. KOBAYASHI
United States Magistrate Judge

DONNA MEIFERT JONES, ETC., ET AL. V. MERCK & COMPANY, INC., ET AL; CIVIL NO. 02-00186 SOM-LEK; FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND

procedure" would have been for Plaintiff to first seek to add the unnamed defendants and then to move to remand. Id. at 691 n.2. This Court agrees, and further notes that the ruling herein is consistent with the rationale set forth in Newcombe. See id. at 690 ("[T]he district court was correct in only considering the domicile of the named defendants . . . . [Plaintiff] filed this suit knowing that there was complete diversity among the named defendants and that removal was a real possibility.").

5