```
    CCOAMINI              SUPREME COURT - STATE OF NEW YORK        OATE: 04/16/2008
INOEX NO: 402996 2007 E         NEW YORK COUNTY CLERK            TIME: 11:35:55
PURCHASE: 05182007          CIVIL INOEX MINUTE BOOK INQUIRY


PLAINTIFF NAME: OUFRESNE LORI      OEFENOANT NAME: PFIZER INC
       ATTORNEY: UNKNOWN                  ATTORNEY: UNKNOWN




SEQ  OATE                 MINUTES
0001 05182007             TRANSFER PAPERS FROM BROOME COUNTY


0001 03062008             STIPULATION OF OISMISSAL


0001 04092008             OROER IAS PART 54 SEQ 001 WITHORAWN



                    PAGE -   1
```

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

| INDEX NUMBER |
|---|
| Do not write in this space |

CHECK ONE

| | | |
|---|---|---|
| ☐ COMMERCIAL ACTION | ☐ NOT COMMERCIAL ACTION | |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ NOT CONSUMER CREDIT TRANSACTION | |
| ☐ THIRD PARTY ACTION | ☒ NOT THIRD PARTY ACTION | |

PLAINTIFF(S)

LORI DUFRESNE, Individually and as personal representative for, FRANK SPENCER, deceased,

DEFENDANT(S)

PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION and MERCK, INC.

PARTY ACTION
INDEX NO. _____

07402996

| Name and address of Attorney for Plaintiff or Petitioner. Telephone No. | |
|---|---|
| Name and address of Attorney for Defendant or Respondent. Telephone No. | Transferred papers from Broome County |

A.  Nature and object of action or
     Nature of special proceeding _____

B.  Application for Index Number filed by:  Plaintiff ☐  Defendant ☐
C.  Was a previous Third Party Action filed  Yes ☐  No ☐
     Date filed _____

```
CRD290-11                    Broome County Clerk                  4/24/2007
Inquiry                        Document-Notes                     3:35:13

Set Category: T   Title Company          Book/Page:
Recorded For: 271  RONALD BENJAMIN ESQ.  Document No.:        200600039656
Doc Type 1..: C01  Civil Action          Set: 200600039656 200600039656
                                         Rcd Dt/Tm: 10/02/2006  2:09:03
Type notes, press Enter.                 Receipt Number:           483402

Seq
_____
  10 PLTF ATTY  LAW OFFICES OF RONALD R BENJAMIN
  20 DEF ATTY   UNKNOWN
  30 10/02/06 SUMMONS* COMPLAINT
  40 11/14/06 AMENDED ANSWER OF DEF MERCK & CO INC, AFFD-MAIL
  50 03/21/07 RJI(LEBOUS) & AFFIRMATION, RIDER SHEET, AFFD-MAIL
  60 04/11/07 STIPULATION AND ORDER CHANGING VENUE
  70 04/16/07 NOTICE OF ENTRY, STIPULATION AND ORDER CHANGING VENUE, AFFD
  80    OF MAIL


                                                              Bottom

 F2=Accept   F3=Exit      F7=Page Up     F8=Page Down
 F10=Go To   F12=Cancel   F13=Rcd Only   F19=Cashier    F23=Delete
Already at the bottom...
```

FILED

MAY 18 2007

NEW YORK
COUNTY CLERK'S OFFICE

Papers from Broome cnty
transferred and filed
under Nys Index
# 2/02-996/07

COUNTY CLERK, BROOME COUNTY
Application for **INDEX NUMBER**
pursuant to Section 1555 (a) 2 C.P.A.

**FILED**

FEE    $210.00

STATE OF NEW YORK
SUPREME COURT,  BROOME  COUNTY

OCT 02 2006

BROOME COUNTY
CLERK'S OFFICE

Lori DuFresne, Individually and
as personal representative for,
Frank Spencer, deceased,

Plaintiff,

INDEX NUMBER

2/02996/07

-vs-

Pfizer, Inc., Pharmacia Corporation,
a wholly-owned subsidiary of Pfizer,
Inc., and Pharmacia & Upjohn Company,
a wholly owned subsidiary of Pharmacia
Corporation, and Merck, Inc.

Defendants.

Comp

Var

Bk

| Name and address of<br>Attorney of Plaintiff<br>or Petitioner | LAW OFFICES OF RONALD R. BENJAMIN<br>126 Riverside Drive<br>P.O. Box 607<br>Binghamton, New York 13902-0607 |
|---|---|
| Name and address of<br>Attorney for Defendant<br>or Respondent | UNKNOWN |

Indexed and Entered_____

BROOME COUNTY CLERK

Return To:

    RONALD BENJAMIN ESQ.
    126 Riverside Drive
    Binghamton, NY 13905

| | | |
|---|---|---|
| Index | : | |
| Book | : | 00000  Page:  0000 |
| Pages | : | 0002 |
| Instrument | : | Civil Action |
| Date | : | 10/02/2006 |
| Time | : | 2:09:03 |
| Control# | : | 200600039656 |

DUFRESNE LORI-IND&REPRESENTATIVE

Fil#1        :    ~~CM-2006-002125~~



Employee ID:  GMG30953

| | | |
|---|---|---|
| CRT1 - COURT INDEX # $ | 165.00 |
| RC1 - RECORDING     $ | 26.00 |
| RMCA-Records Mgmt Ci $ | 4.75 |
| STCA-Record Mgmt Civ $ | 14.25 |

Total        $        210.00

STATE OF NEW YORK
BROOME COUNTY CLERK

WARNING-THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 316-A(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK.  DO NOT DETACH.

              RICHARD R BLYTHE

Comp ____ ____
Ver. ____ ____
Bk. ____ ____

020060003 9656

CERTIFIED COPY
Original E-filed as
Document # ③

NYS
UNIFIED COURT SYSTEM

MAR 0 4 2008

REVIEWED
EF RESOURCE CENTER
SUMMONS

**FILED**

OCT 0 2 2006

BROOME COUNTY
CLERK'S OFFICE

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BROOME**
-------------------------------------------------------------
LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                              Plaintiffs,

          -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                              Defendants.
-------------------------------------------------------------

Plaintiff designates **Broome County** as
place of trial based on defendants' principal
place of business

Index No.:

Date Filed: 2/02996/07

Comp

Var

Bk

TO THE ABOVE NAMED DEFENDANT(S):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer,
or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney
within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   October 2, 2006
         Binghamton, New York

FILED
MAY 1 8 2007
NEW YORK
COUNTY CLERK'S OFFICE

Plaintiffs' residence is:
295 Hillside Terrace, Endwell, New York 13760

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

                                    Ronald R. Benjamin, Esq.
                                  **LAW OFFICES OF RONALD R. BENJAMIN**
                                  Attorney for Plaintiff
                                  126 Riverside Drive
                                  P.O. Box 607
                                  Binghamton, New York 13902-0607
                                  (607) 772-1442

STATE OF NEW YORK:  SUPREME COURT
COUNTY OF BROOME

— — — — — — — — — — — — — — — — — — — —

**FILED**

**OCT 02 2006**

BROOME COUNTY
CLERK'S OFFICE

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

Plaintiffs,

-vs-

PFIZER, INC.,  PHARMACIA CORPORATION, a wholly-own
subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN
COMPANY, a wholly owned subsideary of PHARMACIA
CORPORATION, and MERCK, INC.

Defendants.

— — — — — — — — — — — — — — —

<u>COMPLAINT</u>

2/02996/07

Index No.

Date Filed:

**FILED**

**MAY 18 2007**

NEW YORK
COUNTY CLERK'S OFFICE

Plaintiffs, by and through counsel, the Law Office of Ronald R. Benjamin, allege upon

information and belief as follows:

1.    Plaintiff Lori DuFresne at all times relevant herein a resident of the State of New York,

residing at 295 Hillside Terrace, Endwell, NY 13760.

2.    Plaintiff Lori DuFresne is the personal representative of the estate of Frank C. Spencer,

deceased, having been issued Limited Letters of Administration by the Broome County Surrogate's

Court on October 2, 2006.

3.    Upon information and belief, defendant PFIZER INC., is a Delaware corporation with

its principal place of business located at 235 East 42nd Street, New York, New York, and is authorized

to do and doing business in the State of New York with the county of its principal office registered as

New York County.

4.    Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY  is a

wholly-owned  subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint,

each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in the State of New York, registered in or with its principal office located in New York County.

5.     Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as Pfizer or defendants).

6.     Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck"), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

7.     That from approximately May 2004 until on or about September 2004, plaintiff's decedent ingested **VIOXX**, at the direct of his physicians and in accordance with the manufacturer's instructions.

8.     That from approximately September 2004 until on or about October 2004, plaintiff's decedent ingested **CELEBREX**, at the direction of his physicians and in accordance with the manufacturer's instructions.

9.     As a direct and proximate result of the conduct of the defendants, the plaintiff's decedent sustained cardiac failure which, upon information and belief, caused his untimely death on or about October 2, 2004.

10.    By reason of the foregoing, the decedent sustained great pain and suffering, and sustained great anxiety and fear of additional adverse medical consequences, and was caused to die prematurely.

11.    By reason of his injuries, the plaintiff has incurred or may be obligated to pay monies for medical expenses, funeral arrangements and expenses, and estate expenses.

12.    The injuries sustained by the decedent as aforesaid and the damages resulting therefrom were caused solely by the defendants' defective products without and fault on the part of the decedent contributing hereto.

13.    Upon information and belief, the defendants used a wide range of marketing methods to promote the aforesaid products including, but not limited to, sponsoring medical journals to promote the alleged benefits of its products, using sales representatives to call to on physicians throughout the country to encourage them to prescribe defendants' products, sponsoring continued medical education programs for the express purpose of promoting its products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end-users of their product, and by utilizing the media to promote the alleged benefits of their products.

14.    Upon information and belief, each defendant engaged in extensive advertising and promotional activity which indicated its drug was efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drug to patients, including plaintiff's decedent.

15.    Upon information and belief, based on each defendant's promotional activity with respect to the aforesaid product, plaintiff's decedent was prescribed the drug based on the belief the same was safe to use and was unlikely to subject plaintiff's decedent to serious side effects as a result of use of the products.

16.    In reliance on the same, plaintiff's decedent ingested said drugs and continued ingesting the drugs for a period of time as instructed by the prescribing physicians.

17.    At all times herein mentioned the defendants knew their products did not have scientifically proven benefits and that the risks included cardiovascular events including, but not limited

to, heart attack, stroke, thromboembolism, as well as other illnesses, which is known by either to medical community or end users would have resulted in consumers, including the plaintiff's decedent using alternative medications.

18.    Upon information and belief, had the defendants carried out proper testing on their product they would have realized that the risks of using their products included cardiovascular events including, but not limited to, heart attack, stroke, thromboembolism, and that the risks far outweighed any alleged benefits from their products.

19.    Plaintiff alleges that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

## AS AND FOR A FIRST CAUSE OF ACTION
## (SURVIVAL ACTION FOR
## NEGLIGENCE AND GROSS NEGLIGENCE)

20.    Plaintiff realleges and incorporates herein as if fully set forth herein the allegations in the preceding  paragraphs 1 thru 19 of this complaint.

21.    At all times herein mentioned, each defendant, itself or by use of others, did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, and otherwise distribute in interstate commerce said product.

22.    The defendants knew or should have known with the exercise of reasonable care that the product is an unreasonably dangerous product and nevertheless manufactured and placed said product into the stream of commerce.

23.    Prior to the time the plaintiff's decedent ingested the product, the defendants knew or should have known that a significant portion of the users of the product would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

24.    Upon information and belief, the defendant manufacturers failed to carry out adequate

investigation including, but not limited to, failing to adequately test the product.

25.    Each defendant was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said product by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the plaintiff's decedent in particular about the serious and deadly side effects of its product, while at the same time promoting the drug on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

26.    As a direct and proximate result of the negligence of the defendants, plaintiff's decedent was harmed and sustained cardiac failure and cardiomyopathy due to ingesting the product over a period of time.

27.    By reason of the foregoing, plaintiff sustained great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, ultimately dying prematurely.

28.    Upon information and belief, as a result of the conduct of the defendants, plaintiff's decedent sustained injuries as a result of complications and causes stemming from the ingestion of the aforesaid products.

29.    By reason of plaintiff's decedent injuries, plaintiff has incurred or may be obligated to pay monies for medical expenses.

30.    The injuries plaintiff's decedent sustained as aforesaid and the damage resulting therefrom were caused solely by the defendants' defective products without any fault on the part of plaintiffs contributing thereto.

31.    As a result of the foregoing, plaintiff's decedent is entitled to compensatory damages from defendants, and are entitled to exemplary damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (SURVIVAL ACTION FOR STRICT LIABILITY)

32.    Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 31 as if fully set forth herein and further allege the following.

33.    At all times herein mentioned product was dangerous and defective, in that any benefit from said product was outweighed by the serious and deadly side effects of said drug.

34.    The defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the product was efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

35.    The defendants are strictly liable for the injuries plaintiff sustained as a result of ingesting the products as aforesaid.

36.    As a result of reckless disregard for the public welfare and welfare of plaintiff in particular, said plaintiff is entitled to exemplary damages from each defendant in addition to compensatory damages sustained as a result of defendants' conduct.


## AS AND FOR A THIRD CAUSE OF ACTION
## ( SURVIVAL ACTION FOR MISREPRESENTATION AND FAILURE TO WARN)

37.    Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 36 as if fully set forth herein and further allege the following.

38.    Beginning prior to the time the plaintiff herein ingested the drugs complained of, the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs and by failing to protect users from serious dangers which defendants knew or should have known to result from use of said product.

39.     By use of affirmative misrepresentations and omissions, the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drugs were safe or had minimal risks to the public and the plaintiff in particular.

40.     Upon information and belief, defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

41.     The defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said product to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

42.     As a direct and proximate result of the aforesaid failure by the defendant to provide appropriate warnings and/or instructions, plaintiff sustained the harm complained of herein.

43.     Upon information and belief, at the times relevant to this complaint, defendants were in possession of information demonstrating serious side effects evidencing the increased risk the drug posed to patients, or clearly should have been in possession of such information yet continued to market the product by providing false and misleading information with regard to safety as aforesaid.

44.     That despite the same, and despite the fact that there was existing evidence said drug was in fact dangerous, the defendants downplayed the health hazards and risks associated with the product and in fact deceived the medical community and public at large including all potential users of the products by promoting the same as safe and effective.

45.     Upon information and belief, defendants placed profit concerns over and above the safety of the public and as a result of such reckless conduct, plaintiff is entitled to exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendants'

conduct.

46.     Plaintiff is entitled to exemplary damages from the defendants as the failure to warn was reckless and without regard to the public safety and welfare in that they misled both the medical community and the public at large including the plaintiff herein by misleading them about the safety of the products and downplayed or ignored serious side effects despite available information demonstrating these products were likely to cause serious and sometimes fatal side effects to the users.

47.     As a result of reckless disregard for the public welfare and welfare of plaintiff in particular said plaintiff is entitled to exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

## AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
## (SURVIVAL ACTION FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES)

48.     Plaintiff incorporates by reference and realleges the preceding paragraphs 1 thru 47 as if fully set forth herein and further alleges the following.

49.     That the manufacturing defendants expressly warranted that the products were safe when used by patients for whom they were not otherwise contraindicated.

50.     That the manufacturing defendants breached such warranty in that said drugs are not safe for the purpose for which they were intended.

51.     As a direct and proximate result of the aforesaid breach plaintiff sustained the injuries complained of herein and will continue to suffer harm in the future as set forth herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (WRONGFUL DEATH)

57.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1 thru 56 as if fully set forth herein.

58.    Plaintiff's decedent was survived by his mother, Theresa Spencer, a second sister, Lynn Marie Rose and brother, Don Mark Spencer.

59.    As a result of the injuries and premature death of plaintiff's decedent, plaintiff and the decedent's estate incurred expenses for his care and treatment and plaintiff, the decedent's mother, sister and brother, have been deprived of the support and services of the decedent, and their comfort, happiness and companionship have been significantly impaired by reason of the wrongful death of plaintiff's decedent

60.    As a result of the foregoing, plaintiff, individually and as heir and representative of the estate of the decedent, have been damaged in a sum to be determined at trial.

61.    By reason of the death of plaintiff's decedent, plaintiff incurred or may be obligated to pay monies for decedent's medical expenses and funeral expenses and burial.

WHEREFORE, plaintiff respectfully requests this Honorable Court to enter judgment against the defendants, jointly and severally, in compensatory and exemplary damages in an amount to be determined by trial of this action, and that plaintiff be awarded the costs and disbursements of this action, along with such other and further relief as is just and proper.


Dated: October 2, 2006
      Binghamton, New York

Ronald R. Benjamin
**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
607/772-1442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

- - - - - - - - - - - - - - - - - - - - - - - - x

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                                Plaintiff,

            -against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

**FILED**

NOV 1 4 2006

BROOME COUNTY
CLERK'S OFFICE

No.: ~~2006-0771~~

2003996/07

**AMENDED ANSWER OF
DEFENDANT MERCK & CO.,
INC.**

Comp.
Var.
Bk.

*FILED*
MAY 1 8 2007
NEW YORK
COUNTY CLERK'S OFFICE

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers

the Complaint ("Complaint") herein as follows:

    1.    Upon information and belief, admits the allegations contained in paragraph 1

of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2 of the Complaint.

    3.    The allegations contained in paragraph 3 of the Complaint are not directed

towards Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in said paragraph except admits, upon

information and belief, that Pfizer, Inc. ("Pfizer") is a Delaware Corporation with its

principal place of business in New York.

**E-Filed Document**
#5

NY 1105180_1.DOC

4.    The allegations contained in paragraph 4 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

5.    The allegations contained in paragraph 5 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

6.    Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint except admit that Merck marketed the prescription medicine Vioxx® and, upon information and belief, that Pfizer marketed Celebrex®.

14.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 14 of the Complaint. With respect to the allegations directed at Merck, Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information. Merck further avers that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information.

15.  Denies each and every allegation contained in paragraph 15 of the Complaint.

16.  Denies each and every allegation contained in paragraph 16 of the Complaint.

17.  Denies each and every allegation contained in paragraph 17 of the Complaint.

18.  Denies each and every allegation contained in paragraph 18 of the Complaint.

19.  The allegations contained in paragraph 19 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO "FIRST CAUSE OF ACTION (SURVIVAL ACTION FOR NEGLIGENCE AND GROSS NEGLIGENCE)"

20.  With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in full.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx and that, upon information and belief, Pfizer manufactured and marketed Celebrex®.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION (SURVIVAL ACTION FOR STRICT LIABILITY)"

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION
## (SURVIVAL ACTION FOR
## MISREPRESENTATION AND FAILURE TO WARN)"

37.   With respect to the allegations contained in paragraph 37 of the Complaint,

Merck repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 36 of this Answer with the same force and effect as

though set forth here in full.

38.   Denies each and every allegation contained in paragraph 38 of the Complaint.

39.   Denies each and every allegation contained in paragraph 39 of the Complaint.

40.   Denies each and every allegation contained in paragraph 40 of the Complaint.

41.   Denies each and every allegation contained in paragraph 41 of the Complaint.

42.   Denies each and every allegation contained in paragraph 42 of the Complaint.

43.   Denies each and every allegation contained in paragraph 43 of the Complaint.

44.   Denies each and every allegation contained in paragraph 44 of the Complaint.

45.   Denies each and every allegation contained in paragraph 45 of the Complaint.

46.   Denies each and every allegation contained in paragraph 46 of the Complaint.

47.   Denies each and every allegation contained in paragraph 47 of the Complaint.

## RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION
## (SURVIVAL ACTION FOR
## BREACH OF EXPRESS AND IMPLIED WARRANTIES)"

48.   With respect to the allegations contained in paragraph 48 of the Complaint,

Merck repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 47 of this Answer with the same force and effect as

though set forth here in full.

49.   Denies each and every allegation contained in paragraph 49 of the Complaint.

50.   Denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION
## (WRONGFUL DEATH)"

52.    With respect to the allegations contained in paragraph 57 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.[1]

53.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint except.

54.    Denies each and every allegation contained in paragraph 59 of the Complaint.

55.    Denies each and every allegation contained in paragraph 60 of the Complaint.

56.    Denies each and every allegation contained in paragraph 61 of the Complaint.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

57.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

58.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

59.    The claims of Plaintiff may be barred, in whole or in part, from recovery because Plaintiff or Plaintiff's decedent has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of their claims.

---

1.    Plaintiff's Complaint does not include paragraphs numbered "52" through "56". Merck answers all paragraphs contained in the Complaint.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

60.    The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

61.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

62.    If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

63.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

64.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

65.   If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff or Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

66.   If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

67.   If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

68.   If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

69.   To the extent Plaintiff or Plaintiff's decedent has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH
### DEFENSE, MERCK ALLEGES:

70.   To the extend Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

71.   Plaintiff's claims of fraud and misrepresentation are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Sections 3013 and 3016(b) of the New York Civil Practice Law and Rules.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

72.   Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

73.   Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

74.   Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

75.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

76.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

77.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

78.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

79.    The claims of Plaintiff and the purported class members may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

80.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff or Plaintiff's decedent's failure to mitigate damages.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

81.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and

which gave rise to a duty to warn, Merck at all times discharged such duty through

appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

82.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due

to spoliation of evidence.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

83.    The claims of Plaintiff may be barred, in whole or in part, by the governing

state laws.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

84.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

85.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

86.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

87.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

88.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

89.   Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

90.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff's decedent alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

91.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

92.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

93.    Plaintiff's claims are barred by the doctrine of contributory negligence.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

94.    This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

95.    Defendants are improperly joined in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

96.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

DATED:      New York, New York
            November _10_, 2006

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: _Vilia B. Hayes_
    Theodore V. H. Mayer
    Vilia B. Hayes
    Robb W. Patryk
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

- - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

LORI DUFRESNE, Individually and as personal   :
representative for, FRANK SPENCER, deceased,  :
                       :

               Plaintiff,  :   No.: 2006-002135

                       :

        -against-          :   **AFFIDAVIT OF SERVICE**

                       :

PFIZER, INC., PHARMACIA CORPORATION,  :
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a     :
wholly-owned subsidiary of PHARMACIA    :
CORPORATION, and MERCK & CO., INC.,   :

                       :

             Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - x

      SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes

Hubbard & Reed, counsel for Defendant, and that, on November 10, 2006, she served a

true and accurate copy of the Amended Answer of Defendant Merck & Co., Inc. via first-

class mail, postage prepaid, on Plaintiff's counsel, Ronald R. Benjamin, Law Office of

Ronald R. Benjamin, 126 Riverside Drive, P.O. Box 607, Binghamton, New York 13902,

and on counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia &

Upjohn Company, Christopher Strongosky, DLA Piper US LLP, 1251 Avenue of the

Americas, New York, NY 10020.

                                        _____

                                         Sarah A. Binder

Sworn to before me this

10th day of November, 2006

_Patricia E. Smith_
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 2007

E-Filed Document
# 6

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

------------------------------------------------------------ x

LORI DUFRESNE, individually and as personal
representative for, FRANK SPENCER, deceased,

                       Plaintiff,

       -against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA CORPORATION
and MERCK, INC.,

                     Defendants.

------------------------------------------------------------

Index No. _____

2/02996/07

**NOTICE OF ENTRY**

FILED

MAY 1 8 2007

NEW YORK
COUNTY CLERK'S OFFICE

**PLEASE TAKE NOTICE** that the attached is a true and correct copy of the Stipulation

and Order Changing Venue, dated April 4, 2007, and entered in the Office of the Clerk, Broome

County, on April 11, 2007.

Dated: New York, New York
       April 13, 2007

E-Filed Document
#9

By: _____
      Christopher M. Strongosky
      DLA PIPER US LLP
      1251 Avenue of the Americas
      New York, New York 10020-1104
      212.335.4500

      *Attorneys for Pfizer Defendants*

TO:   Ronald R. Benjamin
      LAW OFFICES OF RONALD R. BENJAMIN
      126 Riverside Drive
      Binghamton, New York 13902
      (607) 772-1442

      *Attorneys for Plaintiff*

      Vilia B. Hayes
      HUGHES HUBBARD & REED LLP
      One Battery Park Plaza
      New York, New York 10004
      (212) 837-6000

      *Attorneys for Merck & Co., Inc.*

FILED

APR 1 6 2007

BROOME COUNTY
CLERK'S OFFICE

Comp
/ar
3k

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

RECEIVED

APR 1 1 2007

BROOME COUNTY CLERK

------------------------------------------------------------------------ x

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                     Plaintiff,

    -against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-own subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA CORPORATION
and MERCK, INC.,

                   Defendants.

------------------------------------------------------------------------ x

Index No. CA2006002135

**STIPULATION AND ORDER
CHANGING VENUE**

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel,

that the venue for the above-captioned case in the Supreme Court of the State of New York,

Broome County be transferred to the Supreme Court of the State of New York, New York

County, to be included in the Bextra and Celebrex Product Liability Coordinated Proceeding

(Index No. 762000/2006).

IT IS FURTHER STIPULATED AND AGREED that facsimile signatures on this

document shall have the same force and effect as an original signature.

LAW OFFICES OF RONALD R. BENJAMIN

DLA PIPER US LLP

By: _____
Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

By: _____
Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335.4500

*Attorneys for Plaintiffs*

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _April 4_, 2007

SO ORDERED

2

LAW OFFICES OF RONALD R. BENJAMIN    DLA PIPER US LLP

By: _____
Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

*Attorneys for Plaintiffs*

By: _____
Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335.4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _April 4_, 2007

SO ORDERED

2

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                             : ss.:
COUNTY OF NEW YORK    )

Michael D. Mosley, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 13th day of April, 2007, I caused to be served a true copy of the foregoing Pfizer Defendants' NOTICE OF ENTRY on all counsel by mail at the following addresses:

Ronald R. Benjamin
Law Offices of Ronald R. Benjamin
126 Riverside Drive
Binghamton, New York 13902

Vilia B. Hayes
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, New York 10004

the addresses designated by said attorney for that purpose. Service was completed by depositing true copies of same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

Michael D. Mosley

Sworn to before me this
13th day of April, 2007

Notary Public

MARCUS L. GRIFFIN
Notary Public, State Of New York
No. 01GR5062272
Qualified in New York County
Commission Expires June 24, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BROOME

--------------------------------------------------------------------- x

LORI DUFRESNE, Individually and as personal
representative for, FRANK SPENCER, deceased,

                Plaintiff,

   -against-

PFIZER INC., PHARMACIA CORPORATION, a
wholly-own subsidiary of PFIZER INC., and
PHARMACIA & UPJOHN COMPANY, a wholly
owned subsidiary of PHARMACIA CORPORATION
and MERCK, INC.,

              Defendants.

--------------------------------------------------------------------- x

Index No. ~~100002~~

*97402996*

**STIPULATION AND ORDER
CHANGING VENUE**

      IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel,

that the venue for the above-captioned case in the Supreme Court of the State of New York,

Broome County be transferred to the Supreme Court of the State of New York, New York

County, to be included in the Bextra and Celebrex Product Liability Coordinated Proceeding

(Index No. 762000/2006).

      IT IS FURTHER STIPULATED AND AGREED that facsimile signatures on this

document shall have the same force and effect as an original signature.



**FILED**

**MAY 1 8 2007**

**NEW YORK
COUNTY CLERK'S OFFICE**

LAW OFFICES OF RONALD R. BENJAMIN     DLA PIPER US LLP


By: _____          By: _____
Ronald R. Benjamin                    Christopher M. Strongosky
LAW OFFICES OF RONALD R. BENJAMIN     DLA PIPER US LLP
126 Riverside Drive                   1251 Avenue of the Americas
Binghamton, New York 13902            New York, New York  10020
(607) 772-1442                        (212) 335.4500

*Attorneys for Plaintiffs*            *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP


By: *Vilia B. Hayes*
Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: April 4, 2007                  **FILED**

SO ORDERED                            APR 1 1 2007
                                      BROOME COUNTY
                                      CLERK'S OFFICE

Comp.
Ver.
Bk.

2

LAW OFFICES OF RONALD R. BENJAMIN    DLA PIPER US LLP

By: _____
Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

By: _____
Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335.4500

*Attorneys for Plaintiffs*

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP



By: _____
Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

*Attorneys for Merck & Co., Inc.*

Dated: _____ , 2007

SO ORDERED

2

**State of New York** } ss.:
**Broome County Clerk's Office**

I, RICHARD R. BLYTHE, Clerk of the said County and of the County Court and Supreme Court of the State of New York, appointed to be held in and for said County, being Courts of Record, having a common seal, do hereby certify that I have compared the annexed copy of *Stipulation and order changing name*

*Lori Defreese Individually as second Representative for Frank Young deceased*

*PFIZER INC Pharmacia Corporation a wholesaled company* with the record of recorded *of PFIZER INC* with the original thereof filed and entered .... *April 11 2007*

now remaining on file and of record in my office, and that the same is a correct and true copy of said original, and of the whole thereof.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of the said County and Courts, at the City of Binghamton, this

........ day of .... *April* ........., 200....

By ........................................ Deputy Clerk

FORM 111

UCS-840 (REV)

# REQUEST FOR JUDICIAL INTERVENTION

| Supreme | New York | 402996/07 | 5/18/2007 |
|---------|----------|-----------|-----------|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

FEB 26 2008

Judge Assigned

RJI Date

002227 0063677

PLAINTIFF(S)

Lori Dufresne, individually and as personal representative for Frank Spencer, deceased

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc.

**COURTESY COPY**
Original E-filed as
Document # 3

Date issue joined: N/A

Bill of particulars served (Y/N) ☐ Yes ☒ No

..............................................................

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

☐ Request for preliminary conference

☐ Note of issue and/or certificate of readiness

☒ Notice of motion (return date: 3/6/2008 )

   Relief sought Motion to Dismiss

☐ Order to show cause
(clerk enter return date: )

   Relief sought _____

☐ other ex parte application (specify: )

☐ Notice of petition (return date: _____
   Relief sought

☐ Notice of medical or dental malpractice action (specify: _____

☐ Statement of net worth

☐ Writ of habeas corpus

☐ other (specify: _____

NYS
UNIFIED COURT SYSTEM

MAR 04 2008

REVIEWED
EF RESOURCE CENTER

**NATURE OF ACTION OR PROCEEDING** (check ONE box only)

**MATRIMONIAL**

☐ Contested ☐ Uncontested   -CM / -UM

**COMMERCIAL**

☐ Contract   -CONT
☐ Corporate   -CORP
☐ Insurance (where insurer is a party, except arbitration)   -INS
☐ UCC (including sales, negotiable instruments)   -UCC
☐ *Other Commercial   -OC

**REAL PROPERTY**

☐ Tax Certiorari   -TAX
☐ Foreclosure   -FOR
☐ Condemnation   -COND
☐ Landlord/Tenant   -LT
☐ *Other Real Property   -ORP

**OTHER MATTERS**

☐ *   -OTH

**TORTS**

Malpractice
☐ Medical/Podiatric
☐ Dental   -OPM
☐ *Other Professional

☐ Motor Vehicle   -MV
☒ *Products Liability   -PL
Pharmaceutical
☐ Environmental   -EN
☐ Asbestos   -ASB / -BI
☐ Breast Implant   -OTN
☐ *Other Negligence

☐ *Other Tort (including intentional)   -OT

**SPECIAL PROCEEDINGS**

☐ Art. 75 (Arbitration)   -ART75
☐ Art. 77 (Trusts)   -ART77
☐ Art. 78   -ART78
☐ Election Law   -ELEC
☐ Guardianship (MHL Art. 81)   -GUARD81
☐ *Other Mental Hygiene   -MHYG
☐ *Other Special Proceeding   -OSP

2002 © American LegalNet, Inc

"YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [☐] | [☒] | Municipality: | [☐] | [☒] | Public Authority: |
| | | (specify _____ ) | | | (specify _____ ) |

| YES | NO | |
|---|---|---|
| [☐] | [☒] | Does this action/proceeding seek equitable relief? |
| [☒] | [☐] | Does this action/proceeding seek recovery for personal injury? |
| [☐] | [☒] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**

**(This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months     ☐ Standard: 9-12 months     ☒ Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

| | | | | |
|---|---|---|---|---|
| Has summons been served? | ☐ No | | ☐ Yes, Date | _____ |
| Was a Notice of No Necessity filed? | ☐ No | | ☐ Yes, Date | _____ |

**ATTORNEY(S) FOR PLAINTIFF(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

**ATTORNEY(S) FOR DEFENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES:** (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

In re: New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

    I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/8/2008

_____
(SIGNATURE)

Tiffany L. Christian
_____
(PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
_____
ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

<u>RIDER SHEET</u>

Attorneys for Plaintiffs
                                    Ronald R. Benjamin
                                    LAW OFFICES OF RONALD R. BENJAMIN
                                    126 Riverside Drive
                                    P.O. Box 607
                                    Binghamton, New York 13902-0607
                                    (607) 772-1442


Attorneys for Defendants
                                    Christopher M. Strongosky
                                    Tiffany L. Christian
                                    DLA PIPER US LLP
                                    1251 Avenue of the Americas
                                    New York, New York  10020
                                    (212) 335-4500



STATE OF NEW YORK
**UNIFIED COURT SYSTEM
FIRST JUDICIAL DISTRICT
SUPREME COURT, CIVIL BRANCH**
60 CENTRE STREET
NEW YORK, NEW YORK 10007-1474
(646) 386-3170
FAX (212) 374-1803

JONATHAN LIPPMAN
Chief Administrative Judge

JOAN B. CAREY
Deputy Chief Administrative Judge
New York City Courts

JACQUELINE W. SILBERMANN
Administrative Judge
First Judicial District
Supreme Court, Civil Branch

## ADMINISTRATIVE ORDER

By the authority vested in me as Administrative Judge of the Supreme Court, Civil Branch, New York County, in light of the Decisions and Orders of the Litigation Coordinating Panel of the State of New York identified below, and pursuant to Section 202.69 (c) (1) of the Uniform Rules for the Trial Courts, and in view of the facts that the Supreme Court, Civil Branch, New York County has established a Center for Complex Litigation in implementation of the recommendations of the <u>Comprehensive Civil Justice Program -- 2005</u> and the undersigned, by Administrative Order dated February 21, 2006, has assigned several Justices to said Center,

IT IS HEREBY ORDERED as follows:

<u>Bextra, Celebrex and Vioxx Cases</u>

1. Pursuant to Administrative Order dated December 2, 2005, various cases seeking damages for personal injury from ingestion of the drug Bextra only, were assigned to Hon. Shirley W. Kornreich, one of the Justices of the Center, for the purpose of coordination as set forth in Uniform Rule 202.69 and, in the case of New York County matters, for all other purposes as well.

2. All other cases currently pending in Supreme Court, New York County, or hereafter commenced here in which the plaintiff seeks damages for personal injury alleged to have resulted from ingestion of Bextra, Celebrex, or Vioxx, whether alone or in any combination, shall be assigned to Justice Kornreich for all purposes.

<u>Hormone Replacement Therapy</u>

3. All cases seeking damages for personal injury alleged to have occurred as a result of the ingestion of medications in the course of hormone replacement therapy ("Hormone

i

Replacement Therapy Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Martin Shulman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

4. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 27, 2006 in the matter of Marshall v. Pfizer, Inc., Index No. 105816/2004 (New York County), Panel Case No. 0004/2005, has directed that Hormone Replacement Therapy Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Shulman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

5. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Hormone Replacement Therapy Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Shulman for purposes of the coordination.

Fleet Phospho Soda Cases

6. All cases seeking damages for personal injury alleged to have occurred as a result of the use of Fleet Phospho Soda as a bowel cleanser ("Fleet Phospho Soda Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

7. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 28, 2006 in the matter of Goldwasser v. C.B. Fleet Holding Company, Inc., Index No. 117698/2004 (New York County), Panel Case No. 0005/2005, has directed that Fleet Phospho Soda Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

8. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof (which does not include Strank v. C.B. Fleet Holding Co., Inc.,

2

Index No. 101324/2005 (New York County)), and any other Fleet Phospho Soda Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

Neurontin Cases

9.  All cases seeking damages for personal injury or wrongful death alleged to have occurred as a result of the ingestion of the prescription medication Neurontin ("Neurontin Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman for the purpose of coordination as set forth below and for all other purposes.

10.  In addition, the Litigation Coordinating Panel, by Decision and Order dated March 31, 2006 in the matter of Delaney v. Pfizer, Inc., Index No. 117852/2004 (New York County), Panel Case No. 0002/2006, has directed that Neurontin Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

11.  Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Neurontin Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

All Cases

12.  A Request for Judicial Intervention shall be filed in every case covered by this Order. In cases that are transferred to this County from another for the purpose of coordination, an RJI shall be issued by the Clerk without fee if a party has already paid for an RJI in another County. The Clerks of the relevant back offices shall assign or reassign the cases covered by this Order, those pending or hereafter filed here and those transferred to this County from another County for coordination as set forth above. Attorneys who hereafter file in this court any of the kinds of matters set forth above or who effect transfer of any such

3

matters to this court for coordination as directed by the Litigation Coordinating Panel in any of the Decisions and Orders set forth above shall identify on the Request for Judicial Intervention the kind of case involved (e.g., Neurontin Action) and shall attach to the RJI a copy of this Administrative Order.

Dated: New York, New York

April __14__, 2006

Hon. Jacqueline W. Silbermann
Administrative Judge

4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                           : ss.:

COUNTY OF NEW YORK     )

       Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

the address designated by said attorney for that purpose. Service was completed by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

Luke K. Tamura

Sworn to before me this
8th day of February, 2008

Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6080509
Qualified in Bronx County
Commission Expires May 7, 200_

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on counsel by overnight delivery at the following address:

Vilia B. Hayes

HUGHES HUBBARD & REED LLP

One Battery Park Plaza

New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

 

                                           Luke K. Tamura

Sworn to before me this
13th day of February, 2008

               Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

ORIGINAL

UCS-840 (REV 08)

# REQUEST FOR JUDICIAL INTERVENTION

| | | CASE NUMBER | 10/2/2006 |
|---|---|---|---|
| Supreme | Broome | | |
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

2402940007

PLAINTIFF(S)

LORI DUFRESNE, individually and as personal representative for, FRANK SPENCER, deceased,

This document has NOT been E-Filed

DEFENDANT(S)

PFIZER INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION and MERCK, INC.

| For Clerk Only |
|---|
| RJI-2007-0314-m |
| IAS entry |
| 3-19-07 |
| Judge Assigned |
| Ferris D. Lebous |
| RJI Date |
| 3-6-07 |

Date issue joined: N/A                    Bill of particulars served (Y/N) ☐ Yes  ☒ No

NATURE OF JUDICIAL INTERVENTION  (check ONE box only AND enter information)

☐ Request for preliminary conference

☐ Note of issue and/or certificate of readiness

☒ Notice of motion (return date: 4-4-07 )

   Relief sought Change of Venue

☐ Order to show cause
   (clerk enter return date: _____ )

   Relief sought _____

☐ other ex parte application (specify: _____ )

☐ Notice of petition (return date: _____ )
   Relief sought _____

☐ Notice of medical or dental malpractice action (specify: _____ )

☐ Statement of net worth

☐ Writ of habeas corpus

☐ other (specify: _____ )

RECEIVED

MAR 06 2007

BROOME COUNTY CLERK

NATURE OF ACTION OR PROCEEDING (check ONE box only)

**MATRIMONIAL**

☐ Contested  ☐ Uncontested          - CM
                                      - UM

**COMMERCIAL**

☐ Contract                            - CONT
☐ Corporate                           - CORP
☐ Insurance (where insurer is a       - INS
   party, except arbitration)
☐ UCC (including sales, negotiable    - UCC
   instruments)
☐ *Other Commercial                   - OC

**REAL PROPERTY**

☐ Tax Certiorari                      - TAX
☐ Foreclosure                         - FOR
☐ Condemnation                        - COND
☐ Landlord/Tenant                     - LT
☐ *Other Real Property                - ORP

**OTHER MATTERS**            MAR 21 2007

☐ *                                   - OTH

**TORTS**

Malpractice

☐ Medical/Podiatric                   - MM
☐ Dental                              - DM
☐ *Other Professional                 - OPM

☐ Motor Vehicle                       - MV
☒ *Products Liability                 - PL
   Pharmaceutical

☐ Environmental                       - EN
☐ Asbestos                            - ASB
☐ Breast Implant                      - BI
☐ *Other Negligence                   - OTN

☐ *Other Tort (including              - OT
   intentional)

**SPECIAL PROCEEDINGS**

☐ Art. 75 (Arbitration)               - ART75
☐ Art. 77 (Trusts)                    - ART77
☐ Art. 78                             - ART78
☐ Election Law                        - ELEC
☐ Guardianship (MHL Art. 81)          - GUARD81
☐ *Other Mental Hygiene               - MHYG
☐ *Other Special Proceeding           - OSP

E-FILED Document
#7

2002 © American LegalNet, Inc.

ɔ" or "NO" for each of the following questions:

..iis action/proceeding against a

| YES | NO | | YES | NO | |
|-----|-----|-----|-----|-----|-----|
| [☐] | [☒] | Municipality: | [☐] | [☒] | Public Authority: |
| | | [specify _____ ) | | | [specify _____ ) |

| YES | NO | |
|-----|-----|-----|
| [☐] | [☒] | Does this action/proceeding seek equitable relief? |
| [☒] | [☐] | Does this action/proceeding seek recovery for personal injury? |
| [☐] | [☒] | Does this action/proceeding seek recovery for property damage? |

<u>Pre-Note Time Frames:</u>
**[This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to he ready for trial [from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months      ☐ Standard: 9-12 months      ☒ Complex: 13-15 months

<u>Contested Matrimonial Cases Only:</u> [Check and give date)

Has summons been served?                    ☐ No          ☐ Yes, Date _____

Was a Notice of No Necessity filed?     ☐ No          ☐ Yes, Date _____

<u>ATTORNEY[S] FOR PLAINTIFF[S]</u>

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

<u>ATTORNEY[S] FOR DEFENDANT[S]</u>

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | See Rider Sheet | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

<u>INSURANCE CARRIERS:</u>

<u>RELATED CASES:</u> [IF NONE, write "NONE" below)

| <u>Title</u> | <u>Index #</u> | <u>Court</u> | <u>Nature of Relationship</u> |
|-----|-----|-----|-----|

None

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 03/15/2007

_____
[SIGNATURE)

Christopher M. Strongosky
[PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

RIDER SHEET

Attorneys for Plaintiffs

Ronald R. Benjamin
Law Offices of Ronald R. Benjamin
126 Riverside Drive
Binghamton, New York 13902
(607) 772-1442

Attorneys for Pfizer
Defendants
(PFIZER, INC.,
PHARMACIA CORP.,
PHARMACIA & UPJOHN,
INC)

Christopher M. Strongosky
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

Attorneys for Merck & Co.,
Inc.

Vilia B. Hayes.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
: ss.:
COUNTY OF NEW YORK     )

      Michael D. Mosley, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 15th day of March, 2007, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on all counsel by mail at the following addresses:

Ronald R. Benjamin
Law Offices of Ronald R. Benjamin
126 Riverside Drive
Binghamton, New York 13902

Vilia B. Hayes
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, New York 10004

the addresses designated by said attorney for that purpose. Service was completed by depositing true copies of same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

Michael D. Mosley

Sworn to before me this
15th day of March, 2007

Notary Public

MARCUS L. GRIFFIN
Notary Public, State Of New York
No. 01GR5062272
Qualified in New York County
Commission Expires June 24, 2010

402996-07

COURTESY COPY
Original E-filed as
Document # (4)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION 003677

------------------- 002227 ---------------------------

THIS DOCUMENT APPLIES TO:

------------------------------------------------------------x

LORI DUFRESNE, Individually and as personal
representative for FRANK SPENCER, deceased,

                                    Plaintiffs,

            v.

PFIZER INC., PHARMACIA CORPORATION, a wholly-
owned subsidiary of PFIZER INC., and PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of
PHARMACIA CORPORATION, and MERCK & CO., INC.,

                                    Defendants.

------------------------------------------------------------x

Index No. 762000/06

Hon. Shirley W. Kornreich

Index No. 402996/07

NOTICE OF MOTION
TO DISMISS

(COMPLIANCE MOTION
NO. 2)

FILED
08 09 2008
COUNTY CLERK'S OFFICE
NEW YORK

PLEASE TAKE NOTICE that upon the Affirmation of Christopher M. Strongosky dated

February 8, 2008, the exhibit annexed thereto, and all the files, papers, and proceedings herein,

the undersigned will move this Court on behalf of Defendants Pfizer Inc., Pharmacia

Corporation, and Pharmacia & Upjohn Company (collectively "Pfizer Defendants") at the

Courthouse, located at 60 Centre Street, New York, New York, at Room 130, on the 6th day of

March, 2008 at 9:30 a.m., or as soon thereafter as counsel can be heard, and move this Court for

an Order dismissing Plaintiffs' claims against Pfizer Defendants with prejudice for failing to

comply with Case Management Order No. 6 and the Order entered by the Special Master, United

States District Judge Fern M. Smith (Ret.), on November 5, 2007.

PLEASE TAKE FURTHER NOTICE that, pursuant to Case Management Order No. 6, paragraph 10.f., answering papers, if any, are required to be served upon the undersigned at least ten (10) days before the return date of this motion, and reply papers, if any, are required to be served at least five (5) days before the return date of this motion.

Dated: New York, New York
      February 8, 2008

                                           Amy W. Schulman, Esq.
                                           Loren H. Brown, Esq.
                                           Christopher M. Strongosky, Esq.
                                           DLA PIPER US LLP
                                           1251 Avenue of the Americas
                                           New York, New York  10020
                                           (212) 835-6000

                                           *Attorneys for Pfizer Defendants*

TO:    Ronald R. Benjamin
        LAW OFFICES OF RONALD R. BENJAMIN
        126 Riverside Drive
        P.O. Box 607
        Binghamton, New York 13902-0607
        (607) 772-1442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- x

IN RE:  NEW YORK BEXTRA AND CELEBREX                :    Index No. 762000/06
PRODUCT LIABILITY LITIGATION                                  :
                                                                                       :
                                                                                       :
                                                                                       :
------------------------------------------------------------- x
THIS DOCUMENT APPLIES TO:                                    :
------------------------------------------------------------- x

LORI DUFRESNE, Individually and as personal            :    Index No. 402996/07
representative for FRANK SPENCER, deceased,           :
                                                                                       :
                                                                                       :
                              Plaintiffs,                                     :
                                                                                       :    AFFIRMATION OF
                     v.                                                          :    CHRISTOPHER M.
                                                                                       :    STRONGOSKY
PFIZER INC., PHARMACIA CORPORATION, a wholly-     :
owned subsidiary of PFIZER INC., and PHARMACIA &   :    (COMPLIANCE MOTION
UPJOHN COMPANY, a wholly-owned subsidiary of        :    NO. 2)
PHARMACIA CORPORATION, and MERCK & CO., INC.,  :
                                                                                       :
                              Defendants.                                   :
                                                                                       :
------------------------------------------------------------- x

CHRISTOPHER M. STRONGOSKY, an attorney duly admitted to practice law before

the courts of the State of New York, hereby affirms under the penalties of perjury as follows:

1.      I am a member of the law firm of DLA Piper US LLP, attorneys for Defendants

Pfizer Inc., Pharmacia Corporation and Pharmacia & Upjohn Company (the "Pfizer

Defendants") in this case.  I am fully familiar with the facts and circumstances of this matter.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Special Master Fern M.

Smith's November 5, 2007 Order ("Compliance Order") granting Defendants' expedited motion

seeking an Order requiring compliance with Case Management Order No. 6.

3.      Pursuant to the Compliance Order, Plaintiffs were required to serve a Plaintiff

Fact Sheet ("PFS") within twenty-one (21) days of the Order.  Judge Smith also ordered that

"[f]ailure to comply with this Order may result in any of the sanctions referred to in CMO No. 6, including dismissal with prejudice." Ex. 1, Compliance Order.

4.    Plaintiffs have failed to serve Pfizer Defendants with a PFS within twenty-one (21) days of the Compliance Order, or at any time since.

5.    As authorized by CMO No. 6, paragraphs 7, 9, and 10, based on the failure of Plaintiffs to serve a PFS pursuant to CMO No. 6, and thereafter pursuant to Judge Smith's November 5, 2007 Compliance Order, Plaintiffs' causes of action against Pfizer Defendants should be dismissed with prejudice.

6.    No prior relief has been sought.

Dated: New York, New York
       February 8, 2008

_____
Christopher M. Strongosky

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x
                                  :   Index No. 762000/06

IN RE:  NEW YORK BEXTRA AND CELEBREX  :  ORDER GRANTING
PRODUCT LIABILITY LITIGATION            :  DEFENDANTS' EXPEDITED
                                    :  MOTION SEEKING ORDER
                                    :  REQUIRING COMPLIANCE
                                    :  WITH CASE MANAGEMENT
------------------------------------------------------------  :  ORDER NO. 6

THIS DOCUMENT APPLIES ONLY TO CASES  :  (COMPLIANCE MOTION
LISTED ON APPENDIX A                      :  NO. 2)

------------------------------------------------------------ x

THIS MATTER having come before the Court on Defendants' Expedited Motion Seeking

Order Requiring Compliance with Case Management Order ("CMO") No. 6; the parties having

received due notice and having had the opportunity to be heard; and this Court having considered all

submissions made in support of and in opposition to the motion:

IT IS HEREBY ORDERED THAT Defendants' Expedited Motion Seeking Order Requiring

Compliance with CMO No. 6 is GRANTED.  Plaintiffs listed in Appendix A must serve on

Defendants a completed Plaintiff Fact Sheet, correctly executed Authorizations, and Responsive

Documents (or notice that none are in the possession of Plaintiff or Plaintiff's counsel) within

twenty-one (21) days of the date of entry of this Order.

Failure to comply with this Order may result in any of the sanctions referred to in CMO

No. 6, including dismissal with prejudice.

Dated: November 5, 2007

                                                          _____

                                                          Honorable Fern M. Smith
                                                          United States District Judge (Ret.)
                                                          Special Master

FILED
NOV 14 2007
NEW YORK
COUNTY CLERK'S OFFICE

APPENDIX A

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Carol Adelberg, et ux., Arthur Adelberg, and Antonio Amendoeira, et ux. Maria Amendoeira vs. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation and Merck & Co., Inc. | Adelberg, Carol | 401585/07 | Law Office of Ronald R. Benjamin |
| 2 | Geraldine Alapeck v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Alapeck, Geraldine | 111293/06 | Law Office of Ronald R. Benjamin |
| 3 | Joseph Apice v. Pfizer Inc. | Apice, Joseph | 150418/07 | Weitz & Luxenberg, P.C. |
| 4 | Carolyn Barney v. Pfizer Inc. | Barney, Carolyn | 150100/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 5 | Josephine Bartlett, et ux. Carl Bartlett, Maria Rozario, et ux. Cyril Rozario, Michael Smith, et ux. Bonnie Lou Mitchell, and Pamela Saccone v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Bartlett, Josephine | 116111/04 | Law Office of Ronald R. Benjamin |
| 6 | Ben Beecham v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Beecham, Ben | 105679/07 | Matthews & Associates |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 7 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Bilik, Anthony | 101550/05 | Law Office of Ronald R. Benjamin |
| 8 | Helen Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Geraldine M. Alapeck, Dean Santacrose, and Stasia Simmons vs. Pfizer Inc., Pharmacia Corporation, a wholly-own subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Bilik, Helen | 106237/05 | Law Office of Ronald R. Benjamin |
| 9 | Ronald Bramson and Elaine Bramson v. Pfizer Inc. | Bramson, Ronald | 101271/07 | Douglas & London, P.C. |
| 10 | Minnie H. Young, Individually and as Executrix of the Estate of Renee Burnett, Deceased v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Burnett, Renee | 150333/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 11 | Janice D. Bush v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Bush, Janice D. | 150047/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 12 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Albert | 106547/05 | Law Office of Ronald R. Benjamin |
| 13 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Samuella | 106547/05 | Law Office of Ronald R. Benjamin |
| 14 | Sixta A. Claudio v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Claudio, Sixta A. | 150334/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 15 | Timothy A. Corkran v. Pfizer Inc. | Corkran, Timothy A. | 150117/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 16 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Corprew, Wilbert E. | 106547/05 | Law Office of Ronald R. Benjamin |

3

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 17 | Carolyn Croft v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Croft, Caroline S. | 111295/06 | Law Office of Ronald R. Benjamin |
| 18 | Altoria Dallas v. Pfizer Inc. | Dallas, Altoria | 150118/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 19 | Patricia J. Danberry v. Pfizer Inc. | Danberry, Patricia J. | 150119/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 20 | Joseph DeStefano v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | DeStefano, Joseph | 150071/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 21 | Shirley Diggs v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Diggs, Shirley | 150266/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 22 | Michael D. Donovant v. Pfizer Inc. | Donovant, Michael D. | 104609/07 | Matthews & Associates |
| 23 | Mayra Figueroa v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Figueroa, Mayra | 111296/06 | Law Office of Ronald R. Benjamin |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 24 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Golub, Robert | 101550/05 | Law Office of Ronald R. Benjamin |
| 25 | Teri L. Hall v. Pfizer Inc. | Hall, Teri L. | 150359/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 26 | Glenna M. Harrison and Roger Harrison, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Harrison, Glenna M. | 150260/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 27 | Dorothy M. Hocker v. Pfizer Inc. | Hocker, Dorothy M. | 150150/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 28 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | House, Rebecca M. | 101550/05 | Law Office of Ronald R. Benjamin |
| 29 | Ruth Ice v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Ice, Ruth | 150255/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 30 | Kevin D. James v. Pfizer Inc. | James, Kevin D. | 150172/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 31 | Barbara Jaros, Bruce D. Peer, et ux Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Jaros, Barbara | 116110/04 | Law Office of Ronald R. Benjamin |
| 32 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Jarvis, Patricia | 101550/05 | Law Office of Ronald R. Benjamin |
| 33 | Joseph E. Jenkins, III v. Pfizer Inc. | Jenkins, III, Joseph E. | 150361/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 34 | Shirley A. Jenkins v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Jenkins, Shirley A. | 150051/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 35 | Merton J. Kreps, Sr. v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Kreps, Sr., Merton J. | 150050/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 36 | George Lacey and Roxanne S. Lacey, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Lacey, George | 150349/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 37 | Lester A. Lamb v. Pfizer Inc. | Lamb, Lester A. | 150160/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 38 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Lupole, Barbara I. | 101550/05 | Law Office of Ronald R. Benjamin |
| 39 | Mary Mahar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Mahar, Mary J. | 111300/06 | Law Office of Ronald R. Benjamin |
| 40 | Anthony Marchetti and Beverly Marchetti, h/w v. Pfizer Inc. | Marchetti, Anthony | 113362/06 | Weitz & Luxenberg, P.C. |
| 41 | Beth A. McAllen v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | McAllen, Beth A. | 150080/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 42 | Marion McCaskill-Whittington v. Pfizer Inc. | McCaskill-Whittington, Marion | 150386/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 43 | Dorothy McKinley v. Pfizer Inc. | McKinley, Dorothy | 150170/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 44 | Roy Medlin v. Pfizer Inc. | Medlin, Roy | 150380/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 45 Llyod Moore v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Moore, Llyod | 150295/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 46 Barbara O'Farrell v. Pfizer Inc. | O'Farrell, Barbara | 150396/07 | Weitz & Luxenberg, P.C. |
| 47 David Ott v. Pfizer Inc. | Ott, David | 150007/07 | Weitz & Luxenberg, P.C. |
| 48 Jane Outlar, Individually and as Representative for the Estate of David N. Outlar, Deceased v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Outlar, David N. | 150341/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 49 Donald J. Paquin v. Pfizer Inc. | Paquin, Donald J. | 150182/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 50 Marcus B. Patterson v. Pfizer Inc. | Patterson, Marcus B. | 150332/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 51 Frank H. Alessio, et ux. Patricia A. Alessio, Lucy Pedone, and Vernon Ramoutar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Pedone, Lucy | 101549/05 | Law Office of Ronald R. Benjamin |
| 52 Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Peer, Bruce D. | 116110/04 | Law Office of Ronald R. Benjamin |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 53 | Bobbie A. Pen v. Pfizer Inc. | Pen, Bobbie A. | 150290/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 54 | Robert W. Phillips v. Pfizer Inc. | Phillips, Robert W. | 150315/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 55 | Kevin Pitcher v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Pitcher, Kevin | 111311/06 | Law Office of Ronald R. Benjamin |
| 56 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Plocek, Elsa | 106547/05 | Law Office of Ronald R. Benjamin |
| 57 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Quackenbush, Ronald, Sr. | 116110/04 | Law Office of Ronald R. Benjamin |
| 58 | Carolyn E. Rabb v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rabb, Carolyn E. | 150085/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

9

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 59 | Marianne Raftis v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Raftis, Marianne | 111297/06 | Law Office of Ronald R. Benjamin |
| 60 | Maria H. Restrepo v. Pfizer Inc. | Restrepo, Maria H. | 150197/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 61 | Lula Roberson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Roberson, Lula | 150393/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 62 | Maria Rozario, et ux. Cyril Rozario v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia and Upjohn Company, wholly-owned subsidiary of Pharmacia Corporation | Rozario, Maria | 103934/06 | Law Office of Ronald R. Benjamin |
| 63 | Maria Rozario and Cyril Rozario v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rozario, Maria | 150235/07 | Napoli Bern Ripka, LLP |
| 64 | Khanom Salmassie v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Salmassie, Khanom | 150394/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 65 | Dean Santacrose v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Santacrose, Dean | 111290/06 | Law Office of Ronald R. Benjamin |

*deleted JW* (next to row 61)

*Deleted JW* (next to row 63)

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 66 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Schaffer, Ronald H. | 106547/05 | Law Office of Ronald R. Benjamin |
| 67 | Ernest D. Schroeder v. Pfizer Inc. | Schroeder, Ernest D. | 150372/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 68 | Ella Schulp, Individually and as Proposed Administrator of the Estate of Eugene Schulp, Deceased v. Pfizer Inc. | Schulp, Eugene | 150406/07 | Weitz & Luxenberg, P.C. |
| 69 | David D. Sellers v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Sellers, David D. | 150087/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 70 | Kenneth E. Shaddix v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Shaddix, Kenneth E. | 150088/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 71 | Betty C. Shagen v. Pfizer Inc. | Shagen, Betty C. | 150319/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 72 | Sarah M. Shoulders v. Pfizer Inc. | Shoulders, Sarah M. | 150207/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 73 | Michael Smith, et ux Bonnie Lou Mitchell v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a whollly-owned subsidiary of Pharmacia Corporation | Smith, Michael | 115440/05 | Law Office of Ronald R. Benjamin |
| 74 | Johnny A. Sours v. Pfizer Inc. | Sours, Johnny A. | 150403/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 75 | Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Spencer, Frank | 402996/07 | Law Office of Ronald R. Benjamin |
| 76 | Margaret Steinhoff, et ux. Michael Steinhoff v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Steinhoff, Margaret | 111292/06 | Law Office of Ronald R. Benjamin |
| 77 | Keith H. Stender v. Pfizer Inc. | Stender, Keith H. | 150223/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 78 | Susan N. Thaler v. Pfizer Inc. | Thaler, Susan N. | 150225/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 79 | Jimmy E. Thompson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Thompson, Jimmy E. | 150301/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 80 | Thelma Tomasco v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Tomasco, Thelma | 150091/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 81 | Tamatha Tucker v. Pfizer Inc. | Tucker, Tamatha | 116286/06 | Weitz & Luxenberg, P.C. |
| 82 | Clifton B. Whitehead v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Whitehead, Clifton B. | 150094/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 83 | John Wolfe and Thai Wolfe, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Wolfe, John | 150240/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------- X

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

                  :   Index No. 762000/06
                  :
                  :
                  :

-------------------------------------------------------------------- X

THIS DOCUMENT APPLIES TO:

                  :

-------------------------------------------------------------------- X

LORI DUFRESNE, Individually and as personal
representative for FRANK SPENCER, deceased,

                  :   Index No. 402996/07
                  :

               Plaintiffs,

                  :   [PROPOSED] ORDER

         v.           :   (COMPLIANCE MOTION

PFIZER INC., PHARMACIA CORPORATION, a wholly-  :   NO. 2)
owned subsidiary of PFIZER INC., and PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of
PHARMACIA CORPORATION, and MERCK & CO., INC.,  :

               Defendants.

-------------------------------------------------------------------- X

     THIS MATTER having come before the Court on the Pfizer Defendants' Motion to

Dismiss; the parties having received due notice and having had the opportunity to be heard; and

this Court having considered all submissions made in support of and in opposition to the motion,

finds as follows:

     Plaintiffs have failed to comply with Case Management Order No. 6 ("CMO No. 6") by

failing to provide Pfizer Defendants with a completed Plaintiff Fact Sheet ("PFS"), correctly

executed authorizations, and responsive documents within sixty (60) days after the filing of their

case. Plaintiffs also have failed to comply with the Order issued by the Special Master, Judge

Fern M. Smith (Ret.), on November 5, 2007, requiring Plaintiffs to provide the discovery

required by CMO No. 6 within twenty-one (21) days of entry of that Order or face dismissal with

prejudice.

Based on these failures, the Court also finds as follows:

(1)     The public's interest in expeditious resolution of this litigation is compromised by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiffs' failures are unreasonable and have impeded the resolution of these matters.

(2)     The Court's need to manage its docket is compromised by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of Plaintiffs' case will serve to appropriately penalize them for their non-compliance and also will encourage other plaintiffs to comply with this Court's Case Management Orders.

(3)     Defendants are prejudiced by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. Without the discovery required by CMO No. 6, the Pfizer Defendants cannot defend themselves because they have no information about Plaintiffs or Plaintiffs' injuries outside the allegations in the Complaint. Pfizer Defendants are also prejudiced by the loss of evidence and memory that attend the delay in providing required discovery, factors that are aggravated by the complexity of this litigation.

(4)     The public policy favoring disposition on the merits is overridden by Plaintiffs' failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court finds that Plaintiffs' failure to provide the required discovery obstructs resolution of their claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.

(5)     There are no less drastic sanctions available to force Plaintiffs to comply with this Court's Orders. The Court finds that CMO No. 6 and the Special Master's Compliance Order both provide specific warnings stating that claims may be dismissed with prejudice for failure to

comply with discovery obligations.

Accordingly, in light of this Court's role in overseeing this litigation, the Court hereby finds that dismissal of Plaintiffs' claims, with prejudice, is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Motion to Dismiss is GRANTED and Plaintiffs' causes of action against Pfizer Defendants are DISMISSED WITH PREJUDICE.


IT IS SO ORDERED.


Dated:  March ____, 2008                     _____

                                             Hon. Shirley W. Kornreich

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served true copies of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on the following counsel by U.S. mail:

<table>
<tr><td>

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

</td><td>

Mitchell Breit
WHATLEY DRAKE & KALLAS LLC
1540 Broadway, 37th Floor
New York, New York 10036

</td></tr>
</table>

David Rosenband
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038

the addresses designated by said attorneys for that purpose. Service was completed by depositing true copies of same, enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

_____
Luke K. Tamura

Sworn to before me this
8th day of February, 2008

_____
Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 200[...]

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                          : ss.:

COUNTY OF NEW YORK   )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on counsel by overnight delivery at the following address:

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

_____
Luke K. Tamura

Sworn to before me this
13th day of February, 2008

_____
Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

02/29/2008  19:44    212-403-5663    DLA PIPER US LLP    PAGE  23/40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- x

IN RE:  NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

                                                                          Index No. 762000/06

------------------------------------------------------- x

LORI DUFRESNE, Individually and as personal
representative for FRANK SPENCER, deceased,

                                                                          Index No. 402996/07

                         Plaintiffs,

            -against-

PFIZER INC., PHARMACIA CORPORATION, a wholly-
owned subsidiary of PFIZER INC., and PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of
PHARMACIA CORPORATION, and MERCK & CO.,
INC.,

                                                                          STIPULATION OF
                                                                          DISMISSAL WITH
                                                                          PREJUDICE AGAINST
                                                                          PFIZER DEFENDANTS

                         Defendants.

------------------------------------------------------- x

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other.  This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the original.

Dated:  New York, New York
          March 5 , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiffs*

DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

03/04/2008 17 21 FAX                    HH&R LLP 11⅝                              ☒006/028
03/03/2008  11:33    212-483-5663           DLA PIPER US LLP                      PAGE  87/31

Clerk of the Court.   A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:   New York, New York
        *March 4*___, 2008


LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____              By: _____
    Ronald R. Benjamin                      Christopher M. Strongosky
    126 Riverside Drive                     Tiffany L. Christian
    P.O. Box 607                            1251 Avenue of the Americas
    Binghamton, New York 13902-0607         New York, NY 10020-1104
    607-772-1442                            212-335-4500

*Attorneys for Plaintiffs*                *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

02/29/2008  19:44    212-403-5663              DLA PIPER US LLP                    PAGE  23/48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

                                                                    Index No. 762000/06

-------------------------------------------------------

LORI DUFRESNE, Individually and as personal
representative for FRANK SPENCER, deceased,                    Index No. 402990/02678

                                              Plaintiffs,

         -against-

PFIZER INC., PHARMACIA CORPORATION, a wholly-          :    STIPULATION OF
owned subsidiary of PFIZER INC., and PHARMACIA &        :    DISMISSAL WITH
UPJOHN COMPANY, a wholly-owned subsidiary of           :    PREJUDICE AGAINST
PHARMACIA CORPORATION, and MERCK & CO.,               :    PFIZER DEFENDANTS
INC.,                                                                        :

                                              Defendants.            :

------------------------------------------------------- x

         IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York

      _March 5_ , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____

    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiffs*


HUGHES HUBBARD & REED LLP

By: _____

    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*


DLA PIPER US LLP

By: _____

    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:   New York, New York
         _March  4_ , 2008


LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____              By: _____
    Ronald R. Benjamin                       Christopher M. Strongosky
    126 Riverside Drive                      Tiffany L. Christian
    P.O. Box 607                             1251 Avenue of the Americas
    Binghamton, New York 13902-0607          New York, NY 10020-1104
    607-772-1442                             212-335-4500

*Attorneys for Plaintiffs*                *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

**PRESENT:**     **HON. SHIRLEY WERNER KORNREICH**     PART _54_

_Justice_

| Index Number : 402996/2007 |
| --- |
| **DUFRESNE, LORI** |
| VS. |
| **PFIZER** |
| SEQUENCE NUMBER :   # 001 |
| DISMISS |

INDEX NO.   _402996-07_

MOTION DATE   _____

MOTION SEQ. NO.   _#001_

MOTION CAL. NO.   _____

...read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

E-FILING DEPT.

APR 11 2008

NYS SUPREME COURT
REVIEWED

**Cross-Motion:**   ☐ **Yes**   ☐ **No**

Upon the foregoing papers, it is ordered that this motion _is Withdrawn_

**FILED**

APR 09 2008

COUNTY CLERK'S OFFICE
NEW YORK

RECEIVED

APR 09 2008

IAS MOTION
SUPPORT OFFICE

_MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE_
_FOR THE FOLLOWING REASON(S):_

Dated:   _4/7/08_ _____

**HON. SHIRLEY WERNER KORNREICH**

_J.S.C._

**Check one:**   ☐ **FINAL DISPOSITION**     ☐ **NON-FINAL DISPOSITION**

**Check if appropriate:**   ☐ **DO NOT POST**     ☐ **REFERENCE**

_MIIAL_